HORN *vs.* THE STATE OF GEORGIA.

1. Where the defendant, in his motion to continue, comes fully up to the rule in respect to the absence of a material witness, the state cannot force a trial by making a counter-showing by his witness to the sole effect that if defendant's witness testified as defendant swore that he would testify, such evidence would be false, it being the case that both witnesses were present when and where the offense is said

to have been committed, and both having equal opportunities to know the truth. The counter-showing which the law contemplates to be made in opposition to a continuance, is such proof as negatives the fact that the witness had been subpœnaed, or was accessible, or was absent without leave, or was present at all on the occasion of the offense, and not the mere proof that another witness present would swear differently from the absent witness—both witnessing the transaction. By any other rule the court, and not the jury, would pass upon the credibility of witnesses; and in cases where but two witnesses were present when the offense was charged to have been committed, and one was absent though regularly subpœnaed, the court could make the verdict by denying the continuance. The defendant has as much right to the version which his witness would give to the transaction as the state had to that of its witness, and in the absence of his witness, he ought not to be forced to trial, he having taken all legal steps to secure his presence, and expecting to have him present at the next term.

2. The evidence was conflicting on the venue, but there was enough to sustain the verdict.

Practice in the Superior Court. New trial. Before Judge GRICE. Crawford Superior Court. September Term, 1878.

For the facts see the opinion.

J. L. HARDEMAN; R. D. SMITH, by brief, for plaintiff in error, cited on continuance, Code, §3522; 44 *Ga.*, 449.

C. L. BARTLETT, solicitor general, for the state.

JACKSON, Justice.

The defendant was found guilty and moved for a new trial on two grounds—first, because the court overruled his motion to continue; and, secondly, because the venue was not sufficiently proven. The motion was overruled, and he excepted.

1. The case should have been continued. The motion to continue was based upon the absence of a witness, and the rule in respect to his having been subpœnaed, and all other requisites as to an absent witness, were fully complied with.

The testimony of the absent witness, the defendant swore, would be that he was present the whole day with defendant, and at the time charged in the indictment, and particularly in the field at the time the pistol was said to have been seen by the state's witness, and that defendant had no pistol, and that he and his brother, the state's witness, did not take it out of the coat pocket of defendant. The solicitor general then proved by the state's witness the exact opposite of what the defendant swore his absent witness, if present, would have testified, admitting his presence on the occasion; the court allowed this proof as a countershowing, and refused to continue the case; and the naked question is, was the court right in so ruling? Clearly not, we think. Because, if so, every case could be, and would be, tried by the court, and not by the jury, if a witness was absent. If the defendant's witness had been in court and had testified as defendant swore he would, then he would have had witness against witness on the trial, and might have been acquitted. Can the court forestall the right of defendant to have the jury pass upon the case by hearing a counter-showing of this sort, and overruling his continuance? Such was not the intention of the act in regard to counter-showing, and such is not the law. The countershowing contemplated by the law consists of such facts as that the witness has not been subpœnaed, or defendant gave him leave to be absent, or he is out of the state, or dead, or was not present at all on the occasion of the crime; but not that the statement of the absent witness is untrue because the state's witness was in court and swore differently, both having equal opportunities of knowing the truth.

2. In respect to the venue, the evidence is conflicting; but there is enough to sustain the finding, that the field where the offense is said to have been committed is in the county of Crawford.

A new trial is granted, and the judgment reversed on the sole ground that the court erred in not granting the continuance, the rule having been in every particular complied

with by the defendant, and the counter-showing having been merely to the the effect that the state's witness and defendant's absent witness, with equal opportunities of knowing the truth, would swear differently about the transaction. The credibility of the two men was for the jury to pass upon on the trial, and not for the court to determine on the motion to continue. This verdict is not that of the jury, having both witnesses before them, but it is the verdict of the court, whose ruling excluded one of the witnesses contrary to law.

Judgment reversed.