9136.   CHRISTOPHER v. THE STATE.

HARWELL, J.   1.   The solicitor of the city court of Brunswick has the right to appoint an assistant solicitor. Ga. L. 1907, p. 135. It is provided that accusations in that court shall be signed by the prosecuting officer. Ga. L. 1899, pp. 348, 349. The assistant solicitor has the power to sign such accusations jointly with the prosecutor.

2.   Even though the voluntary act of the solicitor of that court, in entering the government officer's training school, placed him in either of the conditions specified of ineligibility to office, still such a disqualification operates only from the time the fact "is ascertained and declared by the proper tribunal." Political Code (1910), § 264 (4).

3.   Hence, the solicitor of the city court of Brunswick was a de facto officer until the fact of his disqualification should be "ascertained and declared by the proper tribunal," and his act in appointing an assistant solicitor during his temporary absence was valid, as the act of an officer de facto. Political Code (1910), § 258. The plea did not allege that his disqualification had been judicially determined. See *Channell* v. *State*, 109 *Ga.* 150 (34 S. E. 353).

4.   The right of the solicitor of the city court to hold his office could not be brought in question by plea in abatement to an accusation drawn by him. The court could not be called upon, in the same proceeding, to try both the right of the solicitor to his office and the guilt of the accused. *Bush* v. *State*, 10 *Ga. App.* 544 (73 S. E. 697).

5.   Neither could the eligibility of the assistant solicitor, who was a United States commissioner for the southern district of Georgia, be brought in question by a plea in abatement to an accusation signed by him. Although "persons holding any office of profit or trust under the government," are declared ineligible by section 258 (4) of the Political Code, still the same section provides that the acts of such persons are "valid as the acts of an officer de facto." It is not necessary to decide whether the assistant solicitor was disqualified.

6.   For the foregoing reasons, the judge of the city court properly sustained the demurrer to the plea.

 *Judgment affirmed.   Broyles, P. J., and Bloodworth, J., concur.*
   DECIDED NOVEMBER 2, 1917.

Accusation of obstructing legal process; from city court of Brunswick—Judge Krauss.   August 10, 1917.

*Frank H. Harris,* for plaintiff in error.

*A. H. Crovatt, solicitor, A. D. Gale,* contra.