GOLDBERG *v.* THE STATE.

PER CURIAM. 1. Where a boat conveying liquors in violation of the prohibition laws of this State was seized by officials of the United States government in the waters of Bryan county, and after the removal of the liquors from the boat it was turned over by the officials to the sheriff of Chatham county, his possession of the boat was not illegal, and related back to the seizure, which we assume to have been lawful.

2. Under the circumstances supposed, the possession by the sheriff would give him such special property in the boat as would " authorize a prosecution for larceny, in which the ownership of the boat was laid in M. W. Dixon, sheriff of Chatham county;" and this is true whether under the facts it was the duty of the sheriff to report the seizure to the solicitor of the proper court of Chatham or of Bryan county.

3. If, after the sheriff took possession of the boat, he put his agent in charge of the boat as a watchman, and the agent temporarily left the boat, not with the intention of abandoning the custody of the property, but for the purpose of procuring food for himself, requesting one who was present on the dock as a guard to " look out," to which request the guard assented, the fact that the property was taken away while in charge of the latter guard does not " show that the property was not in the possession, custody," etc., of the alleged owner, the sheriff.

4. Whether the failure to give stated instructions in charge to the jury was erroneous depends upon whether, under the entire evidence, such a charge was demanded; and this court will not undertake to review the evidence.

5. On the trial of one charged with the larceny of a boat which had been seized by officers of the law while being used in the transportation of prohibited liquors, the petition of the solicitor-general, filed in the proceedings to condemn the boat under section 20 of the act of 1917 (Acts

Ex. Sess. 1917, p. 7), would not be relevant as evidence against the accused, nor would the judgment of the court in such proceedings be relevant and competent. But whether the admission of this evidence was harmful depends upon a review of the entire evidence, which this court will not undertake, but which will be made in the Court of Appeals.

*All the Justices concur, except Gilbert, J., absent on account of sickness.*
                    No. 1522.   FEBRUARY 28, 1920.

Questions certified by Court of Appeals (Case No. 10389).

*Shelby Myrick,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.