11265.  NEWSOME *v.* THE STATE.

LUKE, J. 1. No question is presented for decision by a ground of motion for a new trial in the following language: "Because the court overruled defendant's motion for continuance, which was first made on Aug. 20th, and renewed and heard and overruled on Aug. 21st, 1919, which was the day said case was tried." Such a ground of a motion for a new trial is incomplete, in that it fails to disclose the ground of the application for continuance, and, further, in that it fails to set out or refer to an exhibit setting out the evidence considered by the

presiding judge in passing upon the application. Park's Penal Code, § 986; *Delk* v. *State*, 99 *Ga.* 667 (4) (26 S. E. 752).

2. A ground of a motion for a new trial that is not approved by the trial judge and which he expressly declines to approve will not be considered by this court. See Park's Penal Code, § § 1090, 1090 (a), and annotations under catchword "Approval" (p. 761).

3. Where a ground of a motion for a new trial is based either in whole or in part upon facts not otherwise shown by the record, and which did not transpire in open court or within the immediate knowledge of the presiding judge, unless they are made to appear by supporting affidavits annexed to the motion, it is proper for the judge to decline to approve the ground or certify to the truth of such recitals of facts.

4. "The affidavits of jurors may be taken to sustain, but not to impeach their verdict." Civil Code (1910), § 5933.

5. The court charged: "All the law requires is moral and reasonable certainty. So in this case, if you are satisfied to a moral and reasonable certainty, and that beyond a reasonable doubt, it would be your duty to find the defendant guilty." Such a charge is not subject to the criticism that it applies to a criminal case the degree of proof applicable only to a civil case. Considered in connection with the entire charge, it was not error for any reason assigned. See Park's Penal Code, § 1012, and annotations.

6. Complaint is made of the following charge: "When I say 'a reasonable doubt' I do not mean some mere vague conjecture or possibility, conjured up in the mind of the jury for acquitting the defendant, but such a doubt as arises in the mind of an honest juror seeking the truth, and leaves it wavering and doubtful as to the truth of the transaction. It may arise from having heard the case, the want, weakness, or insufficiency of the evidence." *Held*: The charge was free from error. *Peterson* v. *State*, 47 *Ga.* 525 (5); *Cobb* v. *State*, 11 *Ga. App.* 52 (1) (74 S. E. 702); *Dumas* v. *State*, 63 *Ga.* 501 (8); *Fletcher* v. *State*, 90 *Ga.* 468 (2) (17 S. E. 100).

7. The evidence authorized the verdict, and there was no error in denying the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 13, 1920.

Indictment for sale of liquor; from Glascock superior court — Judge Walker. December 12, 1919.

*J. C. Newsome,* for plaintiff in error.

*R. C. Norman, solicitor-general,* contra.