### 10389. GOLDBERG v. THE STATE.

A sheriff has such special property in a thing stolen when lawfully in his possession as sheriff as will authorize a prosecution for larceny under an indictment in which ownership of the stolen article is laid in him. Under the facts in the record it must be assumed that the sheriff of Chatham county was lawfully in possession of the boat alleged to have been stolen, which had been turned over to him by officials of the United States government who had seized it in the waters of Bryan county while it was conveying liquors in violation of the prohibition law of this State. The question as to the legality of the seizure was not presented in such manner as would authorize this court to pass upon it.

Refusal to direct a verdict is never reversible error; and questions raised in the grounds of an assignment of error on such a refusal will not be considered.

Failure to charge the jury on a certain question as the trial judge announced he would do in the event that the question should be raised by the defendant's statement at the trial was not cause for a new trial, where the attention of the judge was not called to the matter after the defendant had made his statement. A written request is necessary to require a charge on a theory of defense raised only by such a statement.

Although not relevant as evidence against the accused, it does not appear that the proceedings for condemnation of the boat, and the judgment of condemnation because of its use in the transportation of prohibited liquors, were prejudicial to him on his trial for larceny of the boat.

"Objection that a sentence imposed in a criminal case is excessive, or for any reason illegal or irregular, can not properly be made the ground of a motion for a new trial."

There was evidence to support the verdict.

DECIDED APRIL 14, 1920. REHEARING DENIED MAY 12, 1920.

Certiorari; from Chatham superior court — Judge Meldrim. January 13, 1919.

Application for certiorari was denied by the Supreme Court.

*Shelby Myrick,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.

BLOODWORTH, J. The plaintiff in error was convicted of the larceny of a boat. This court certified to the Supreme Court certain questions, which that court answered as follows:

"1. Where a boat conveying liquors in violation of the prohibition laws of this State was seized by officials of the United States government in the waters of Bryan county, and after the removal of the liquors from the boat it was turned over by the officials to the sheriff of Chatham county, his possession of the boat was not illegal, and related back to the seizure, which we assume to have been lawful.

"2. Under the circumstances supposed, the possession by the sheriff would give him such special property in the boat as would 'authorize a prosecution for larceny, in which the ownership of the boat was laid in M. W. Dixon, sheriff of Chatham county;' and this is true whether under the facts it was the duty of the sheriff to report the seizure to the solicitor of the proper court of Chatham or of Bryan county.

"3. If, after the sheriff took possession of the boat, he put

his agent in charge of the boat as a watchman, and the agent temporarily left the boat, not with the intention of abandoning the custody of the property, but for the purpose of procuring food for himself, requesting one who was present on the dock as a guard to 'look out,' to which request the guard assented, the fact that the property was taken away while in charge of the latter guard does not 'show that the property was not in the possession, custody,' etc., of the alleged owner, the sheriff.

"4. Whether the failure to give stated instructions in charge to the jury was erroneous depends upon whether, under the entire evidence, such a charge was demanded; and this court will not undertake to review the evidence.

"5. On the trial of one charged with larceny of a boat which had been seized by officers of the law while being used in the transportation of prohibited liquors, the petition of the solicitor-general, filed in the proceedings to condemn the boat under section 20 of the act of 1917 (Acts Ex. Sess. 1917, p. 7) would not be relevant as evidence against the accused, nor would the judgment of the court in such proceedings be relevant and competent. But whether the admission of this evidence was harmful depends upon a review of the entire evidence, which this court will not undertake, but which will be made in the Court of Appeals." *Goldberg* v. *State,* 150 *Ga.* 59 (103 S. E. 90).

6. It must be kept in mind that the only thing to be determined by this court is whether or not the accused is guilty of larceny. The question of the legality of the seizure of the boat by the officials of the United States government is not raised anywhere in the certiorari in such manner that this court can pass upon it. It is true that in the assignment of error on the refusal of the court to direct the verdict one of the reasons given why the court should direct a verdict was the following: "The sheriff, Merritt W. Dixon, had no special property in the boat; and the said boat could not be the subject of larceny, because there had been no valid seizure of the boat, in that the uncontradicted evidence showed that the sheriff had not been the arresting officer of the boat or of the defendant, and had not taken the boat or the defendant on the boat with any contraband liquor aboard in the jurisdiction of Chatham county, Georgia." The seizure referred to above was the seizure by the sheriff, and was so treated in the

brief. "It is never reversible error to refuse to direct a verdict." *Bennett* v. *Patten,* 148 *Ga.* 66 (3 *b*) (95 S. E. 690), and cit.; *Dudley* v. *Isler,* 21 *Ga. App.* 615 (2) (94 S. E. 827), and cit. If it is never error to refuse to direct a verdict, it is not error in this case to refuse to consider the reason given by counsel why a verdict should be directed. When stolen the boat was in possession of the sheriff, and as was said by the Supreme Court in paragraph 1 above, "his [the sheriff's] possession of the boat was not illegal, and related back to the seizure, which we assume to have been lawful." The original seizure is assumed to be lawful because done by government officials, and "there is a presumption of law that all officials do their duty, and unless in a given instance this presumption be in some way rebutted, it will prevail." *Carter* v. *Griffin,* 113 *Ga.* 634 (38 S. E. 946). Even should we concede that the plaintiff in error was not guilty of transporting liquor in violation of law, and that no "contraband liquor had been found aboard the boat," under the facts of this case the sheriff was in lawful possession of and had such a special property in the boat as to make it the subject of larceny, and the plaintiff in error had no right, when the sheriff was lawfully in possession, to deprive him of such possession by a larcenous taking.

7. Complaint is made that "the said judge of the city court of Savannah erred in failing to submit to the jury, under appropriate instructions, the question of the legality of the seizure and levy of the said M. W. Dixon, sheriff, on said boat, when the court announced, on overruling the motion of the defendant to direct a verdict, that in the event the defendant by his statement raised the question of liquor being found on the boat, the court would submit the same to the jury as a question of fact for them to decide; and on the faith of such announcement defendant did not submit any requests to charge on such subject, the defendant having in his statement alleged that the boat was never in the waters of Chatham county, which was uncontradicted. And the court erred because it failed to instruct the jury that unless they should find from the evidence that the boat had been operated on the waters in Chatham county with forbidden intoxicating liquors aboard, they could not find the alleged levy or seizure of M. W. Dixon, sheriff, was legal, and they would have to acquit

the defendant." Under the foregoing rulings and the facts of this case, this ground of the motion points out no error that would require the grant of a new trial. · Apart from the foregoing rulings, and even if it is conceded that the statement of the defendant raised the· question of the legality of the levy by the sheriff, after the defendant had made his statement the attention of the court was not called to his previous promise. See, in this connection, *Cawthon* v. *State,* 119 *Ga.* 396 (7) (46 S. E. 897); *Sasser* v. *State,* 129 *Ga.* 541 (3) (59 S. E. 255), 545 (3), and cit.; *Thurman* v. *State,* 14 *Ga. App.* 543 (2) (81 S. E. 796). Besides, in the absence of a legal and timely written request, the court is not required to charge on a theory of the defense raised only by the statement of the defendant. *Tison* v. *State,* 23 *Ga. App.* 20 (1); *Green* v. *State,* 22 *Ga. App.* 793 (2).

8. The evidence referred to in paragraph 5 above is admittedly "irrelevant and immaterial," and is so referred to in the motion for a new trial. We can not say that it is "manifestly prejudicial," and the assignment of error does not show "wherein it is harmful." *Brown* v. *State,* 119 *Ga.* 572 (2) (46 S. E. 833); *Johnson* v. *State,* 128 *Ga.* 71 (2) (57 S. E. 84); *Shealy* v. *State,* 138 *Ga.* 23 (1) (74 S. E. 689); *Thompson* v. *Thompson,* 77 *Ga.* 693 (7) (3 S. E. 261). While it is true that the petition of the solicitor-general to condemn the boat and the judgment of condemnation were improperly admitted in evidence, the objection to their introduction, in addition to the objection that they were "irrelevant and immaterial," was that they "could not be admitted in evidence to prove the place where the boat was being operated, and as to what it contained, and there had been no proof of such statements by any evidence in the trial of the case;" it is also true that the notice given the sheriff in compliance with section 20 of the act of the General Assembly passed at the extraordinary session held· in March, 1917, which notice was admitted in evidence without objection, contained many of the same facts as does the petition. Under all the facts of the case the erroneous admission of the petition and judgment is not sufficient cause for the grant of a new trial.

9. "Objection that a sentence imposed in a criminal case is excessive, or for any reason illegal or irregular, can not be prop-

erly made the ground of a motion for a new trial." *Sable* v. *State*, 22 *Ga. App.* 768 (97 S. E. 271), and cit.

10. There is some evidence to support the verdict, which was approved by the presiding judge, and the judgment overruling the certiorari is

Affirmed. Broyles, C. J., and Luke, J., concur.