## 12857. JOHNSON v. THE STATE.

1. Plaintiff in error was tried for murder but was convicted of manslaughter. For this reason the instructions on the subject of murder could not have been prejudicial to the accused. *Dunwoody* v. *State,* 23 *Ga. App.* 93 (97 S. E. 561), and cases cited; *Thompson* v. *State,* 24 *Ga. App.* 144 (2) (99 S. E. 891). This ruling disposes of grounds 4, 5, 6 and 7 of the motion for a new trial.

2. " It is well settled by repeated rulings of the Supreme Court and this court, that on a trial for murder, if there is anything deducible from the evidence or the defendant's statement that would tend to show manslaughter, voluntary or involuntary, it is the duty of the court to instruct the jury fully on the law of manslaughter." *Smith* v. *State*, 23 *Ga. App.* 77 (4) (97 S. E. 454), and cases cited. In the case under consideration there was ample evidence to authorize the charge on voluntary manslaughter.

3. (*a*) Before a verdict will be set aside upon the ground that the bailiff who attended the jury while they had the case under consideration was not sworn, this fact must affirmatively appear.

(*b*) " The presumption is in favor of the regularity and legality of all proceedings in the superior court."

(*c*) The removal of a constable from the militia district for which he was elected or appointed to another militia district in the same county does not vacate his office until the fact has been judicially ascertained.

4. There was evidence to support the verdict.

DECIDED NOVEMBER 18, 1921.

Conviction of manslaughter; from Worth superior court — Judge Eve. August 16, 1921.

*Perry & Tipton,* for plaintiff in error.

*H. S. Foy, solicitor-general,* contra.

BLOODWORTH, J. Only the third headnote will be elaborated. Ground 9 of the amendment to the motion for a new trial alleges error because the plaintiff in error " was not given and did not have upon the trial in this case the benefit and protection of having the jury trying his case attended, during the trial and during the deliberations in making up their verdict, by a bailiff sworn as required by section 883 of the Penal Code of Georgia. " Three reasons are assigned why the bailiff was not qualified to take charge of and attend the jury. " (*a*) Because the said Hiram Stewart [the bailiff who attended the jury] was not sworn as required by law, he not having had administered to him at any time during said term of court the oath prescribed by section 883 of the Penal Code of Georgia, and not at any time prior to the trial of said case having had administered to him any oath of any kind, and being unsworn throughout his connection with said case and his handling of the said jury. (*b*) Because the said Hiram Stewart, at the time of the trial of said case and of his having charge of and attending said jury therein as above shown, was not one of the constables or bailiffs of said county in which the said trial occurred, and held no office or authority whatever. (*c*) Because the said Hiram Stewart, at the time of the trial of said case and throughout his connection therewith in having charge of

and attending the said jury, as above shown, was none other than a private citizen of said county, under no oath of any kind, and having no legal authority of any kind to take charge of and attend the said jury." A discussion of the "reasons" set out under " (a) " and " (b) " will dispose of reason " (c) " Before the first of these reasons would avail the plaintiff in error it would have to appear affirmatively that the party who acted as bailiff and had charge of the jury had not been sworn. This did appear in the cases of *Roberts* v. *State, 72 Ga.* 674 (2), and *Washington* v. *State, 138 Ga.* 370 (4) (75 S. E. 253) cited and relied upon by the plaintiff in error. Had it been shown in this case that the bailiff who attended the jury had been deputized by the sheriff and acted as bailiff, and had charge of the jury without being sworn, a new trial would necessarily result. The plaintiff in error insists that the bailiff was not sworn, and the burden of proving this is upon him. The presumption is that the bailiff was sworn. The law requires that he be sworn, and " there is a presumption of law that all officers do their duty, and unless in the given instance this presumption be in some way rebutted, it will prevail." See *Goldberg* v. *State, 25 Ga. App.* 200 (103 S. E. 90), citing *Carter* v. *Griffin, 113 Ga.* 634 (38 S. E. 946). In *Grinad* v. *State, 34 Ga.* 270, it was held: " The presumption is in favor of the regularity and legality of all proceedings in the superior court." The affidavits offered on the hearing of the motion for a new trial by the plaintiff in error to support this ground of the motion do not affirmatively establish that the bailiff was not sworn. In each of the affidavits the testimony is negative. The substance of these affidavits is that the affiant does not remember, — that his mind is a blank as to this particular transaction. Some of the witnesses, in counter affidavits introduced by the solicitor-general, swear that if the oath had not been administered they think they would have remembered this fact, as it was the custom for the bailiffs to be sworn. If the bailiff who waited upon the jury in this case had not been sworn, then he could have been designated, so far as the law is concerned, as suggested by Chief Justice Jackson in *Roberts* v. *State, 72 Ga.* 678, as a "heathen man and publican" and as an "uncircumcised Philistine."

We think that the second of these "reasons" is settled adversely

to the plaintiff in error, not only by the decisions of the Supreme Court and of this court, but by the statute law of the State. The motion for a new trial shows that the person who attended the jury had been for a number of years a constable of the county in which the trial was held, but, in December before the trial in February, had moved from one militia district of the county to another. Section 264 (5) of the Civil Code of 1910 provides that all offices in the State are vacated "by the incumbent ceasing to be a resident of the State, or of the county, circuit, or district for which he was elected. In the first case the office shall be vacated immediately; in the latter cases, from the time the fact was *judicially ascertained*" (italics ours). In the case under consideration there is no contention that this fact had been *judicially ascertained*. In *Bush* v. *State,* 10 *Ga. App.* 544 (73 S. E. 697), where it was sought to bring in question the title of the acting solicitor-general of the city court, Judge Russell said: "The court judicially knew that Mr. Rich was the duly-commissioned solicitor of the city court of Miller county, and, taking all the allegations of the plea to be true, he was at least the de facto officer of the court. Furthermore, the plea was defective in that there was no statement that the office of the solicitor of the city court had been judicially ascertained to be vacant in a legal sense by reason of the fact that it had been judicially ascertained that Mr. Rich had moved his residence from the county of Miller to the county of Decatur. The exact point was decided by the Supreme Court in the case of *Channel* v. *State,* 109 *Ga.* 152 (34 S. E. 354), in which Justice Lewis, delivering the opinion of the court, says: 'Section 229 of the Political Code (Political Code of 1910, § 264) describes how offices in this State may be vacated, and one of the methods (see subdivision 5) for vacation is, "By the incumbent ceasing to be a resident of the State, or of the county, circuit, or district for which he was elected. In the first case the office shall be vacated immediately; in the latter cases, from the time the fact is judicially ascertained." It is manifest from this provision that when an incumbent of an office has moved from the county for which he was elected to another county in this State, the office is not thereby immediately vacated, and does not become so until the fact is judicially ascertained.'"

See also *Christopher* v. *State,* 21 *Ga. App.* 244 (94 S. E. 72). The record shows that this bailiff was selected by the sheriff to serve during the term of court at which plaintiff in error was tried, and that he did serve in that capacity, and, as hereinbefore stated, we must presume that he was sworn for this special service, and would at least be a de facto officer, and his acts as such would be valid. In *Hinton* v. *Lindsey,* 20 *Ga.* 746 (3), an officer de facto was defined as " one who has the reputation of being the officer he assumes to be, and yet is not a good officer in point of law; one who acts by color of an appointment, but is not in all respects legally qualified. " In the case just referred to it was also held that neither the title of such an officer nor the validity of his acts as such can be collaterally impeached in a proceeding to which he is not a party. See cases cited on page 748 (3). See also Civil Code (1910), § 277; *Twiggs* v. *Hardwick,* 61 *Ga.* 272; *Gunn* v. *Tackett,* 67 *Ga.* 725.

It is insisted that the minutes of the court do not show the appointment of this constable. There is no merit in this contention. Had the selection of this person as bailiff appeared on the minutes, this fact could have been proved by the introduction of these minutes, but this method of proof is not exhaustive. See, in this connection, *Zeigler* v. *State,* 2 *Ga. App.* 632 (58 S. E. 1066), and cases cited. In *Allen* v. *State,* 21 *Ga.* 219 (2) (68 Am. D. 457), Judge Benning said: " In Greenleaf on Evidence, sec. 92, vol. 1, it is said that ' It is not in general necessary to prove the written appointments of public officers. All who are proved to have acted as such, are presumed to have been duly appointed to the office, until the contrary appears; and it is not material how the question arises, whether in a civil or criminal case, nor whether the officer is or is not a party to the record. ' And there is ample authority to sustain the statement. " In *Massey* v. *Allen,* 48 *Ga.* 22, the 3d headnote is as follows: " The court having to pass upon the weight and credit of the affidavits filed on the motion for a new trial, this court will not interfere with its discretion unless abused. " See also Civil Code (1910), § 6088.

Under the facts of this case, and the law as above noted, we cannot say that the trial judge abused his discretion in refusing to grant a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J. concur.*