### 21742. REESE *v.* THE STATE.

252

*Hugh E. Combs,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

Luke, J. The indictment in this case charges Clem Reese with simple larceny in that on October 25, 1931, in Wilkes county, he did steal "one wheel and rim for same from a Chevrolet truck, said truck being same formerly owned by Ike Mulkey, and being now and at the time of said larceny . . under levy and in possession and ownership of G. M. Walton, of the value of ten dollars and of the personal goods of G. M. Walton as aforesaid." The questions for decision are: (1) whether the trial judge erred in overruling a demurrer to the indictment; (2) whether he erred in refusing to continue the case because of the absence of a witness; and (3) whether he erred in overruling the motion for a new trial.

The demurrer is substantially as follows: (*a*) It does not appear that G. M. Walton was "an officer authorized to make the levy and legally hold the property under the levy." (*b*) "The kind and manner of the process said G. M. Walton was executing" is not shown. (c) "It does not show that said levy was under and by virtue of a legal process." (*d*) "The allegations therein set forth no crime under the laws of this State, in that said allegations neither show by whom the levy was made, when it was made, nor that it was under and by virtue of a lawful process legally authorizing the same, and the same is wholly insufficient in law."

The part of the indictment attacked by demurrer appears to be · matter descriptive of the articles alleged to have been stolen. The description is quite sufficient. It will be observed here that it ap-

pears from the record that the indictment describes the articles alleged to have been stolen as "the personal goods of G. M. Walton." We are satisfied that this allegation of ownership meets the require-ments of the law. While not bearing directly upon the question of the sufficiency of an indictment as against a demurrer, the following decisions, in principle, sustain our conclusion that the court properly overruled each ground of the demurrer: *Goldberg* v. *State,* 150 *Ga.* 59, s. c. 25 *Ga. App.* 197 (103 S. E. 90) ; *Thomas* v. *State,* 27 *Ga. App.* 38 (2) (107 S. E. 418) ; *Cosby* v. *State,* 28 *Ga. App.* 550 (112 S. E. 154) ; *Gladden* v. *State,* 43 *Ga. App.* 236 (3) (158 S. E. 338).

We come next to consider the alleged error in the refusal of the court to continue the case because of the absence of the witness Ernest Tankersley. In regard to this contention, we shall merely say that the defendant testified that he found out "along in February" that the present case was pending against him ; that the case was not tried until May 6, 1931; that the witness lived about fourteen or fifteen miles from court; and that the trial judge had the right to conclude from the testimony adduced upon the hearing for a continuance that the defendant had not exercised proper diligence in procuring a subpœna for the witness and having him served therewith. Penal Code (1910), §§ 987, 991; *Cruce* v. *State,* 59 *Ga.* 84.

It appears from the brief of evidence that the State's case is substantially as follows: G. M. Walton, sheriff, levied on a certain Chevrolet automobile-truck as the property of Ike Mulkey, under a mortgage fi. fa., and made W. F. Mulkey, Ike's father, custodian of the car. W. F. Mulkey kept the truck in his yard. On the day of the alleged theft the defendant came to W. F. Mulkey's home and negotiated with him for the purchase of a Ford wheel which was also in said yard. When the defendant said he wanted to buy said Chevrolet truck, Mulkey told him that the sheriff had levied on it, and that the wheel for sale was "the Ford wheel." While defendant was at Mulkey's home the latter had to go to town, leaving his wife and girls at home, and when Mulkey returned late in the day he found that the wheel of the truck that had been levied on was gone. The next day Mulkey saw on the defendant's truck the wheel that had been levied on, and told him to return the wheel, but he did not do so. The rim of the wheel, however,

was found by Mulkey in his yard. Venue and value were proved.

The defendant's contention, made in his statement to the jury, is, in substance, that he had traded for said Chevrolet wheel and partly paid for it; that Mulkey's son told him where to get the wheel; that when Mulkey demanded that he bring the wheel back the defendant demanded the return of the money he had paid on it; and that Mulkey did not return any of his money, and he never returned the wheel.

It is forcibly contended that the State's case is very weak, and that the circumstances under which the wheel was taken, especially the publicity of the taking, show conclusively that the defendant took the wheel in good faith and without any criminal intent whatever. While the record presents rather an unusual state of facts, under which the jury would have been fully warranted in acquitting the defendant, it was peculiarly the province of the jury to pass upon the evidence and the defendant's statement, and determine the effect of the publicity of the taking; and this court can not say that there was not some evidence to support the verdict.

Therefore we hold that the trial judge did not err in overruling the general grounds of the motion for a new trial.

The only two special grounds complain of the following charge of the court: "If you believe beyond a reasonable doubt, from the evidence in this case, that Mr. Reese, the defendant, did commit the offense with which he is charged, and you should further believe, beyond a reasonable doubt, from the evidence in this case, that this truck was under a lawful levy by the sheriff of this county, in that event I charge you that he would be in the custody, control, and possession of that property, and if you should believe, beyond a reasonable doubt, that this defendant did commit the offense of simple larceny by taking the property described in the indictment, you would be authorized to find him guilty." The criticism in the first special ground that said charge "was calculated to confuse the jury," is too indefinite for consideration. *Strahley* v. *Hendricks,* 40 *Ga. App.* 571 (7) (150 S. E. 561). The further assignment that said charge "is further objectionable on the ground that it was an expression of an opinion as to the facts of the case," is incomplete in that it fails to show what part of said excerpt was an expression of opinion, and wherein an opinion was expressed. However, we see no merit in the assignment.

In special ground 2 it is averred that said charge was erroneous for the reason that the court "did not go further in this connection, and instruct the jury that, if they did not believe that the property described in the bill·of indictment was under lawful levy by the sheriff of Wilkes county, it would be their duty to stop there and render a verdict for the defendant;" and that "his failure to do this leaves the charge more favorable to the State than the defendant," and that the defendant was injured by such omission. In his statement at the trial the defendant admitted that he got the wheel alleged to have been stolen. The real defense was that the facts and circumstances were such as to show that the property was taken under a fair claim of right, and without any criminal intent; and it is insisted that the publicity of the taking makes out this defense. Indeed, counsel's brief contains this statement: "It seems that the trouble in this case came up by reason of the fact that the truck from which the wheel is alleged to have been stolen had been levied on, after which the alleged larceny was committed, and that this truck had been left in the care of the prosecutor by the levying officer." We make the foregoing statement merely to show that it does not appear that the legality of the levy was a defense made in the trial of the case. But, in any event, we are satisfied that the failure of the court to charge, without request, the converse of the proposition of law contained in the excerpt complained of is not ground for a new trial. Legal error connotes injury.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*