## 24626. CLARK *v.* THE STATE.

DECIDED NOVEMBER 1, 1935.

*Hammond Johnson,* for plaintiff in error.
*Robert McMillan,* solicitor-general, *Martin & Martin,* contra.

MacIntyre, J. Frank Clark was convicted of seduction. His motion for new trial was overruled, and he excepted.

1. The accused was indicted on Monday, July 16, 1934, and gave bond on July 17. When his case was called for trial on Wednesday, July 25, he moved for a continuance on account of an absent witness, Horse Beard. The testimony on the motion was in effect that on Monday the next preceding or Tuesday the accused obtained a subpœna directed to Paul Clark, a brother of the accused, but the name of Paul Clark was stricken, and the name of Horse Beard, who lived in the county, was inserted by the father of the accused. The accused testified: "I went to see this witness Tuesday night of this week, and talked to him about coming to court, and he said he would be out in town if he wasn't at his home, and I had the subpœna and went by his house, and he wasn't there, and his mother said he was in town somewhere, and I went to the filling-station in town, and he saw me and he got in the road and then on the railroad-tracks, and I holloed to him to wait, but he kept on going, and I couldn't catch him to give him the subpœna. When I first went to see him I didn't have the subpœna, and when I went to give him the subpœna he kept on going, and I haven't seen him since then. Have not been able to see him. I expect to prove by this witness that this girl wasn't a virtuous girl before that time. He is not absent by my leave or procurement. I told him to be sure and be here, and that I would furnish him a way up here and back; and he told me the night I talked to him that he would be at his house or up in town the next morning and go with me. Roy Allison and Ed Loggins was with me when I tried to subpœna Beard, and they saw him run off. I am not making this motion for the purpose of delay, and want his testimony and expect to have him here next term of court." The court passed the case until the next day, and had a rule issued for Horse Beard. On the call of the case the next day it appeared that the officers had been unable to find and serve the witness. The motion for continuance was then overruled. We do not think sufficient reason was shown for the delay in obtaining a subpœna for the witness or why the accused had not caused the witness to be served in time. *Fitzgerald* v. *State*, 126 *Ga.* 556 (55 S. E. 482); *Bone* v. *State*, 8 *Ga. App.* 373 (69 S. E. 37); *Jones* v. *State*, 125 *Ga.* 307 (54 S. E. 122). There was no abuse of discretion in overruling the motion to continue.

2. Complaint is made that the court erred in refusing to give to the jury the following requested charge: "I further charge you, gentlemen of the jury, where a woman simply undertakes to sell her person in consideration of a promise of marriage, the transaction is purely meretricious, and there is no seduction." Considering the charge as a whole, it was not error to omit this requested instruction. The court charged: "To constitute the offense of seduction there must be something more than a mere promise of marriage. The woman can not consent to give up her virtue simply in consideration that the man promised to marry her; if nothing more should appear, it is not seduction. If you should find this to be the case, the defendant would not be guilty of seduction." We think the charge as given covered plainly and in substance the principle of law set forth in the request.

3. Complaint is also made that the court erred in refusing a request to give the following in charge: "I charge you further, gentlemen of the jury, that you must first find that the prosecutrix was a virtuous, unmarried female, and that in determining that question you may consider any facts or circumstances tending to show a debauched mind and behavior." In *O'Neill* v. *State,* 85 *Ga.* 383, 408 (11 S. E. 856), it was said: "Upon this question [as to whether the female was virtuous] all facts and circumstances tending to show a debauched mind, such as lewd conduct and behavior before that time, may be considered; for the jury need not have direct or positive evidence of her previous connection with some other person, but only such evidence as satisfies them that she had parted with her virginity." In other words, the defendant may show a debauched mind, as by lewd conduct and behavior, which the jury could consider as a circumstance with other evidence; but after all they must be convinced, either by direct or circumstantial evidence, that the female had previously had illicit sexual intercourse. When the court, after distinctly charging that "you must be satisfied beyond a reasonable doubt that the woman alleged to have been seduced was a virtuous, unmarried female at the time the seduction took place, if you find there was a seduction, before you would be authorized to convict the defendant," further charged, "but such conduct [imprudent, improper, and immodest] of the female alleged to have been seduced, if you find there was such conduct, should be considered by

you in determining whether or not in fact she was virtuous at the time of the alleged seduction, and, if so, in deciding if she was really seduced by persuasion and promises of marriage, or yielded her virtue because of lustful desires," it seems to us the charge plainly and in substance covered the principle of law set forth in the request.

4. We think the newly discovered evidence was cumulative, and we can not say that it was such as would likely produce a different verdict at another trial. *Hope* v. *Biggers*, 46 *Ga. App.* 74, 77 (166 S. E. 686); *Jinks* v. *State*, 117 *Ga.* 714, 716 (44 S. E. 814).

5. The evidence authorized the verdict, and there is no merit in the general grounds of the motion for new trial. See *Durrence* v. *State*, 20 *Ga. App.* 192 (92 S. E. 962), wherein the pertinent evidence was almost the same as that in the present case.

*Judgment affirmed.* *Broyles, C. J., and Guerry, J., concur.*