36402. LYONS *v.* THE STATE.

DECIDED NOVEMBER 16, 1956.

*James G. Hampton,* for plaintiff in error.

*Jeff C. Wayne, Solicitor-General, Sidney O. Smith, Jr.,* contra.

GARDNER, P. J. ■ There is sufficient evidence to sustain the verdict of guilty. The general grounds are not meritorious.

■ Special grounds 1 and 2 contend that the defendant was forced to trial upon an indictment which was found by the grand jury at the April term, 1956, of the court, there being no legal notice to the defendant of the charge against him prior to the commencement of the trial, and that the defendant was never arrested on the indictment as found, the purported legal proceedings prior to the indictment being null and void as being in violation of Code § 26-6304. As to these special grounds, the record shows that when the case was called for trial, counsel made a motion for a continuance (which was denied by the court), waived formal arraignment, waived formal copy of the indictment, waived the list of witnesses, and then the defendant pleaded not guilty. Counsel for the defendant cites *Blair* v. *State,* 90 *Ga.* 326 (17 S. E. 96, 35 Am. St. R. 206) in support of this contention. No waiver of rights is shown in that case, thereby taking that case out of the scope of authority for the ruling in the case at bar. No attack is made on the indictment. There was no plea in bar, no plea in abatement, and no demurrer. See *Wilkerson* v. *State,* 14 *Ga. App.* 475 (81 S. E. 395), *Joiner* v. *State,* 66 *Ga. App.* 106 (17 S. E. 2d 101) and Code § 27-1501. The law of this State is well settled that a defendant may waive arraignment and plea by failure to call the attention of the court to such defect in the proceedings at the proper time. See *Sellers* v. *State,* 82 *Ga. App.* 761 (62 S. E. 2d 395). These special grounds are not meritorious.

■ Special grounds 3, 12 and 13: Special ground 3 assigns error because it is contended that the evidence on the trial of the case did not establish venue as being in White County; that there was no positive testimony that the crime occurred in White County. A reading of the evidence, quoted hereinabove, will show that several competent witnesses testified that the camp site was in White County, such witnesses including the Sheriff of White County and the resident game and fish warden. In support of the contention that the venue was not properly established, counsel for the defendant cites the following cases: *Gosha* v. *State*, 56 *Ga.* 36 (2); *Smith* v. *State*, 69 *Ga.* 768; *Cooper* v. *State*, 106 *Ga.* 119 (2) (32 S. E. 23); *Green* v. *State*, 110 *Ga.* 270 (34 S. E. 563); *Murphy* v. *State*, 121 *Ga.* 142 (48 S. E. 909); *Holden* v. *State*, 144 *Ga.* 338 (87 S. E. 27); *Garrett* v. *City of Atlanta*, 152 *Ga.* 675 (110 S. E. 886). We have read these cases, keeping in mind the evidence on the question of venue in the case before us, and we are of the opinion that none of the cases show cause for reversal of the instant case. Venue was sufficiently proved. Special ground 3 is not meritorious. It follows that special grounds 12 and 13 are not meritorious. As to venue, see the following cases: *Horn* v. *State*, 62 *Ga.* 362 (2); *Kicklighter* v. *State*, 76 *Ga. App.* 246, 251 (45 S. E. 2d 719); *Speight* v. *State*, 80 *Ga.* 512 (2) (5 S. E. 506); *Eaton* v. *State*, 83 *Ga. App.* 82, 85 (4) (62 S. E. 2d 677); *Lee* v. *State*, 84 *Ga. App.* 12 (65 S. E. 2d 459); *Shuman* v. *State*, 84 *Ga. App.* 585, 587 (66 S. E. 2d 152). See also Code § 27-1103.

■ Special ground 4 assigns error because the court denied a motion for continuance in that there was not sufficient time for the defendant to produce material witnesses. In our opinion this ground is incomplete in and of itself. See in this connection *Newsome* v. *State*, 25 *Ga. App.* 191 (102 S. E. 876). A reading of the record shows that the motion fails in several respects to meet the eight tests prescribed by Code § 81-1410. A failure in any of these respects is normally, and we think in the instant case, fatal to the motion. See *Setzer* v. *State*, 76 *Ga. App.* 509 (2a) (46 S. E. 2d 603), and *James* v. *State*, 71 *Ga. App.* 867, 869 (32 S. E. 2d 431). In matters such as raised by this ground, diligence is required on the part of the party to subpoena the witness. *Reese* v. *State*, 44 *Ga. App.* 251 (2) (161 S. E. 156). "It is not an

abuse of discretion to refuse to grant a continuance upon the ground of the absence of a witness, where it appears that the absent witness was not subpoenaed, and that the applicant, by exercise of due diligence, could have had the witness subpoenaed." *Clark* v. *State, 52 Ga. App.* 61 (1) (182 S. E. 195). It must be kept in mind here that the defendant was arraigned in October, 1955, and was indicted in April, 1956. He was permitted to give bond. He knew in October, 1955, that there was a charge pending against him on each count of the indictment. By going to trial, waiving irregularities as shown hereinabove, for continuance, he put himself in court and could not thereafter complain as shown in this ground. He did not show diligence as to his alleged rights. The court did not abuse its discretion in denying the motion for a continuance.

■ Special grounds 5, 6, 7, 8, 9, 10, 11 and 14 are apparently abandoned, since they are not argued in the brief of counsel for the defendant and counsel did not appear in person to argue.

The court did not err in denying the motion for new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*