41207. ROMAN v. DELTA MOTORS.

JORDAN, Judge. This case was tried in the Civil Court of Fulton County and a verdict in favor of the plaintiff was returned by the jury. The defendant filed a motion for new trial which was amended by the addition of several special grounds

of which grounds 3 and 5 assigned error on the fact that the case had been tried in the absence of defendant and counsel. The reasons for the failure of defendant's counsel to appear in court with his client and the facts relating to same were set forth in these grounds and various supporting affidavits were attached as exhibits thereto.

The trial court approved the recital of facts contained in the motion for new trial as amended; and after a hearing the court sustained special grounds 3 and 5, and granted the defendant's motion for new trial on these grounds. The plaintiff excepted to that judgment, bringing the case to this court for review.

The defendant has filed a motion to dismiss the writ of error on the grounds that the bill of exceptions was tendered to the trial court on December 4, 1964, and was not certified by the trial court until January 13, 1965, it being contended that this constituted an unreasonable delay. *Held:*

■ The motion to dismiss is without merit as it does not affirmatively appear from the record in this case that the delay in certification by the trial court was caused by the plaintiff in error. *Code* § 6-1312; *Murphy v. Harding,* 220 Ga. 634 (140 SE2d 852) ; *Employers Ins. Co. of Ala. v. Amerson,* 109 Ga. App. 275, 277 (1) (136 SE2d 12).

■ The plaintiff's exception to the grant of the amended motion for new trial is based solely on the contention that the trial court erred in considering the recital of facts contained in special grounds 3 and 5 and in the affidavits specifically annexed thereto as exhibits because such facts were not "properly made a part of the brief of evidence." This contention is without merit.

Where, as here, the special grounds of an amended motion for new trial are based upon facts which did not transpire in open court or within the immediate knowledge of the trial court, such facts must be set forth in the grounds of the motion for new trial, and not in the brief of evidence; and it is not only proper but essential that such facts should be made to appear by supporting affidavits annexed to the motion as exhibits. *Newsome v. State,* 25 Ga. App. 191 (3) (102 SE 876). The affidavits (explaining counsel's absence on the call of the case), being properly attached to the grounds of the amended motion as exhibits thereto, were part of the record in this case, *Savannah Guano Co. v. Abell,* 22 Ga. App.

137 (1) (95 SE 734), and were properly considered by the trial court. See *Smith v. State*, 215 Ga. 362 (110 SE2d 635). *Judgment affirmed. Felton, C. J., and Russell, J., concur.*

Argued March 15, 1965—Decided April 15, 1965.

*Llop & Long, Nick Long, Jr., W. O. Folds,* for plaintiff in error. *J. E. Wilson,* contra.