## A11A0044. CRIDDLE v. THE STATE.
(712 SE2d 569)

BARNES, Presiding Judge.

William Gerald Criddle appeals his conviction of driving under the influence (DUI), arguing that the trial court erred in denying his motion to suppress because he was arrested outside the jurisdiction of the arresting officer. Because the trial court did not err in denying the motion, we affirm.

In ruling on a motion to suppress, the trial court acts as factfinder and may believe or disbelieve any testimonial evidence. *State v. Rowell*, 299 Ga. App. 238 (682 SE2d 343) (2009). We accept the trial court's factual findings and consider the evidence on appeal in the light most favorable to the court's ruling. Id. at 239. So construed, the evidence before the court during the motions hearing was that a Holly Springs police officer responded to a call regarding a possible DUI on Hickory Road. When the officer arrived at the address given, he saw Criddle's pickup truck half on his driveway and half off, with his rear wheels hanging over an embankment next to the driveway. The center of the truck's undercarriage was stuck on the crest of the embankment, at the bottom of which was Hickory Road. Criddle was standing outside the truck and had cuts and blood

on his head and hands, red glassy eyes, a strong odor of alcohol on his breath, and was very unsteady on his feet. He told the officer that he had been backing out of his driveway and went too far. His truck became stuck and the front wheels spun when he tried to pull forward back onto his driveway. He got out of his truck to look and rolled down the embankment into a ditch. A passerby who saw Criddle fall stopped to help him up, called 911, and waited with him until the police arrived. The officer read Criddle his implied consent rights and charged him with DUI after he tested positive for alcohol. Responding fire department personnel drew blood at the scene.

Criddle moved to suppress any evidence obtained as a result of his arrest, arguing that the officer arrested him outside the city limits, which was outside his jurisdiction. At the motions hearing, Criddle and the State stipulated that Criddle's house and property were located in Cherokee County just outside the Holly Springs city limits, and that Hickory Road was located within the city limits. A second officer testified that he was concerned about the truck because Hickory Road was located at the base of the embankment. A tow truck was required to pull Criddle's truck back onto his driveway. The State presented evidence that power poles were usually placed at the edge of the right-of-way, and it appeared that the truck was halfway on the bank within the Hickory Road right-of-way. Neither officer was sure whether the embankment was located within Hickory Road's right-of-way, so the trial court left the evidence open for the parties to submit further evidence in that regard, and then held another hearing.

At the second hearing, the parties stipulated to the admissibility of three exhibits: pictures of the scene, a map of the area, and a letter from the Cherokee County Director of GIS & Mapping. The director stated that Criddle's property was located within unincorporated Cherokee County, and the portion of Hickory Road in front of the property was located within the Holly Springs city limits. The road had a 100-foot right-of-way, within which the city had jurisdiction, he concluded. Criddle agreed that a 100-foot right-of-way extended from Hickory Road, but argued that the State had failed to show exactly where the right-of-way ended on Criddle's property and thus failed to establish that the arresting officer had jurisdiction based on the location of the truck.

The trial court examined the photographs, tax maps, and plats, and found that, while this incident was not an "accident," Criddle had left the vehicle in a precarious dangerous situation that had to be dealt with by law enforcement officers. The truck could not be moved under its own power and the intoxicated driver could not deal with it properly. The court further found that the back half of the truck was located within Hickory Road's right-of-way, the edge of which ran

along the crest of the hill on which the truck was hung.

Criddle argues on appeal that the trial court erred in denying his motion to suppress because the State failed to prove without a reasonable doubt that his truck was located within the city right-of-way. Our Constitution generally limits the jurisdiction of police to the county or municipality by which the officer is employed. Ga. Const. of 1983, Art. IX, Sec. II, Par. III (b); see also OCGA § 17-4-23 (a). If a crime occurs on a boundary line between city and county, however, jurisdiction is proper in either venue. See *Lee v. State*, 84 Ga. App. 12, 14 (65 SE2d 459) (1951) (evidence that house in which killing occurred was located in two counties was sufficient to establish jurisdiction in either county). Further, if the evidence does not show the exact location of a boundary line, the line may be established from circumstances and tradition. *Shuman v. State*, 84 Ga. App. 585, 587 (1) (66 SE2d 152) (1951) (county line had never been surveyed, but testimony about "tradition" sufficient to establish venue). Here, the State presented evidence that the city right-of-way extended 100 feet from the road and introduced pictures of the truck and a map of the area. This evidence was sufficient to allow the trial court to make a factual finding that a portion of Criddle's truck was located within that right-of-way when he was arrested. Therefore, the trial court did not err in concluding that the Holly Springs police officer was authorized to arrest Criddle for driving under the influence, and in denying Criddle's motion to suppress.

*Judgment affirmed. Adams, J., concurs. Blackwell, J., concurs in judgment only.*

DECIDED JUNE 16, 2011.

*Sharon L. Hopkins*, for appellant.

*David L. Cannon, Jr., Solicitor-General, Susan M. Zereini, Assistant Solicitor-General*, for appellee.