## LEE *vs.* THE STATE OF GEORGIA.

Though, after committing larceny (stealing a horse) in an adjoining state, the thief brings the stolen property into this state, and here carries it from place to place in a county of Georgia, he does not commit simple larceny in this state.

Criminal law.   Larceny.   Before Judge McCUTCHEN. Whitfield Superior Court.   April Term, 1879.

Lee was indicted in the county of Whitfield for the larceny of a horse. The proof showed that if he was guilty of the theft, the act was perpetrated in the state of Tennessee; but also, that he had brought the horse into the county of Whitfield, had there endeavored to sell him, and had exercised other acts of ownership. The defendant was found guilty. He moved for a new trial, among other grounds, because the court erred in charging as follows:

" If a person fraudulently get the possession of personal

13

property from the owner of it in the state of Tennessee by a pretended hiring, and if the hiring be used by him simply as a fraudulent means to get the possession from the owner, and if his real motive and intent was, at the time he got possession, to steal the same and deprive the owner of his property; and such person, after thus fraudulently getting possession of property, brings it into Whitfield county, in the state of Georgia, and if he, after bringing the property to this county, moves it about in this county from place to place, and appropriates the same to his own use in this county, and if such asportation and appropriation in the county of Whitfield be all the time accompanied with the intent to steal and deprive the owner of his property, such asportation and appropriation in Whitfield county, if done with intent to steal, would amount to larceny under the laws of Georgia."

The motion was overruled, and defendant excepted.

W. C. GLENN; JOHNSON & McCAMY, for plaintiff in error, cited 1 Chit. C. L., 178; 3 *Ib.*, 944; 1 Haywood, 100; 2 John., 477, 479; 5 Binney, 617; Ros. Crim. Ev., 657; 2 Vroom, 82; 4 Humphrey, 456–59; 15 Ind., 318; 14 La., 278.

A. T. HACKETT, solicitor-general, for the state.

BLECKLEY, Justice.

The accused stole a horse in the state of Tennessee. He brought the animal into this state, and here carried it from place to place in the border county of Whitfield. In that county he was indicted for the offense of simple larceny, and being convicted, moved for a new trial, which was refused.

Whether he was guilty or not, depends upon whether a fresh larceny was committed here. The doctrine that a larceny is repeated in every county of the same sovereignty in which any asportation of the stolen goods occurs, is

established; and to that extent the fiction is to be accepted in place of the orignal fact. Fiction ought to have no place in the law, and it is to be hoped that the time will come when it will be rooted out; but in so far as it has been incorporated into the law, it must, for the present, be treated as of equal potency with reality. We have adopted the common law of England, and with it the theory of *repetition larceny*, but in that country this theory would not embrace the present case; and that it would not there embrace it is a very sufficient reason for holding that it does not embrace it here. Ros. Cr. Ev., 646; 2 Russ. on Crimes, 119; 4 Bacon's Abr., Bouvier's Ed., 179. In this country the decisions are conflicting; see Whar. Cr. Law; Whar. Cr. Ev.; Bishop's Cr. Law; Rorer on Inter-State Law. We think the soundest decisions are those which least favor the doctrine of constructive crimes. The true legal relation of the accused to our state, is that of a fugitive from justice from the state of Tennessee.

Judgment reversed.