SPEIGHT *vs.* THE STATE OF GEORGIA.

1. The verdict was supported by the evidence.
2. Where one witness testified positively that the offence was com- mitted in the county where the trial was had, and another testi- fied that he "reckoned" it was in another county, there was suf- ficient proof of the venue to sustain a verdict finding the defend- ant guilty.
3. Although, in charging on the subject of impeachment of witnesses, the manner thereof, and the credit to be given to impeached wit- nesses, the judge charged that "the false testimony, if any should be found, should be rejected, if you find from the evidence that it was sworn falsely, willingly and knowingly so," yet, taken in con- nection with the entire charge, this was not calculated to mislead the jury or lead them to believe that false evidence might be con- sidered unless it was wilfully and knowingly false.
4. There was no material error in any of the other grounds of the motion for a new trial.

March 28, 1888.

Criminal law. Venue. Charge of court. Words and phrases. Before Judge ATKINSON. Wayne superior court. March term, 1887.

Reported in the decision.

F. H. HARRIS, S. R. HARRIS, S. J. CLARK, JOHN C. NICH-OLLS and HARRISON & PEEPLES, for plaintiff in error.

J. I. CARTER, solicitor-general, by ROBERT B. TRIPPE, for the State.

SIMMONS, Justice.

Speight was indicted and tried in Wayne superior court for the offence of murder, and was found guilty of involuntary manslaughter. He made a motion for a new trial, upon the several grounds set out in the motion, which was overruled; and he excepted. Only three grounds of the motion were relied upon here : (1) that the verdict was contrary to the evidence; (2) that the venue was not sufficiently proved; and (3) the 11th ground of the motion, which was that the court erred in charging the jury as follows: "The false testimony, if any should be found, should be rejected, if you find from the evidence that it was sworn falsely, willingly and knowingly so."

1. As to the first point insisted on, we have carefully read and re-read the evidence sent up in the record, and our judgment is that the verdict is not contrary to the evidence adduced on the trial. There is sufficient evidence in the record to authorize the verdict of the jury. The jury were fully instructed by the court in its charge upon the question of reasonable doubt, and upon what circumstances were sufficient to excite the fears of a reasonable man. The jury having found against the defendant upon both of these propositions, we do not feel it our duty to interfere with their verdict.

2. As to the second point, we think the venue was fully

and clearly established. Mrs. Floyd testifies positively that the killing occurred in the county of Wayne. Ashley, the other witness, testified that he "reckoned" it was in Glynn; but there appears to have been no issue upon this point in the court below. And the jury had a right to believe Mrs. Floyd's testimony; and we think her testimony is sufficient to sustain the finding upon that issue.

3. The point mainly relied upon by the plaintiff in error is that made in the 11th ground of the motion, above set out, to the effect that the court erred in charging the jury that if they should find any false testimony, sworn to "falsely, willingly and knowingly," they should reject it. There can be no doubt that this was a sound proposition of law. Every one will at once admit that a jury should not consider testimony which they believe from the evidence was sworn to falsely, wilfully and knowingly. But the complaint is that it was a negative pregnant, and that the court meant by its charge to say to the jury that, although the testimony might be false, yet unless it was sworn to falsely, wilfully and knowingly, they might consider it. Taking this sentence by itself, possibly it might bear that construction; but taking it in connection with the balance of the charge, we do not think it would bear that construction. This part of the charge was upon the subject of the impeachment of witnesses and the manner of their impeachment, and the credit to be given to impeached witnesses. Taking the whole charge upon this subject in connection with the sentence complained of, we do not think that it was calculated to mislead a jury of ordinarily intelligent men. Every juror of ordinary intelligence knows that false testimony is not to be believed, whether it be falsely sworn to "willingly and knowingly" or not; and we do not think that an expression of this character in the charge would mislead the jury and cause them to regard false testimony as true, because it was not shown that it was sworn to falsely, "willingly and knowingly." The simple fact that the jury believed it to be false would be

sufficient to cause them to reject it, without the additional fact that it was sworn to falsely, "willingly and knowingly." The jurors of the State, being selected, under the law, from the body of the people on account of their uprightness and intelligence, would not, in our opinion, be misled by a charge of this character.

4. While the foregoing were the only points specially insisted on by counsel for the plaintiff in error here, yet he did not abandon the other grounds of the motion. We have therefore considered them all, and find no material error in any of the grounds set out in the motion.

Judgment affirmed.