## MURPHY *v.* THE STATE.

1. In a criminal case the venue of the crime must be established clearly and beyond a reasonable doubt.
2. Former decisions of this court constrain a holding that the venue in this case was not sufficiently established.

Argued October 17, — Decided November 10, 1904.

Indictment for larceny from the person. Before Judge Roan. Fulton superior court. July 9, 1904.

*James L. Key*, for plaintiff in error.
*C. D. Hill, solicitor-general*, contra.

COBB, J. The controlling question in this case is whether the venue of the crime was sufficiently proved. The only direct testimony on the subject was that of a witness who testified that the crime was committed "in the city of Atlanta." In the trial of a criminal case the venue of the offense must be established clearly and beyond a reasonable doubt. *Gosha's* case, 56 *Ga.* 36. In *Moye's* case, 65 *Ga.* 754, it was held that proof that the crime was committed "in the city of Americus" was not sufficient to establish the venue; and in *Cooper's* case, 106 *Ga.* 119, it was held that proof that the crime was committed "in Lawrenceville" did not establish the venue beyond a reasonable doubt. See also *Wooten's* case, 119 *Ga.* 745. These cases are directly controlling, and constrain a ruling that the venue was not sufficiently proved. If the question were now open, we would rule to the contrary. See, in this connection, *Knox* v. *State*, 114 *Ga.* 272. If the evidence had been that the crime was committed in At-

lanta, Georgia, the court would take judicial notice of the fact that Atlanta, Georgia, is in Fulton county. The solicitor-general contended that there were circumstances sufficient to show the venue independently of any direct evidence on the subject. While venue, like any other fact, may be proved by circumstantial evidence, a careful examination of the evidence in this case fails to disclose circumstances sufficient to authorize the jury to find that the crime was committed in the county alleged in the indictment. We take this occasion to suggest the propriety of legislation declaring that neither the judge of the trial court, nor this court, shall be required to render a judgment the effect of which is to grant a new trial in a criminal case because the venue was not sufficiently proved, unless it appears from the record that this question was distinctly made at the trial and before verdict.

*Judgment reversed. All the Justices concur.*