### 606.　GOLDEN et al. v. THE STATE.

1. "The doctrine seems to be established that in those States in which, by statute or at common law, it is larceny to bring into the State goods stolen in another State or a foreign country, one who there receives goods with knowledge that they have been stolen in another State or country is liable to indictment for receiving the goods. This does not apply, however, in those States in which it is held that bringing into the State goods stolen in another State or foreign country does not constitute larceny; for the goods must have been stolen in the jurisdiction in which it is sought to punish for the receiving."

2. "Though after committing larceny in an adjoining State the thief brings the stolen property into this State and here carries it from place to place in a county of Georgia, he does not commit larceny in this State." Lee v. State, 64 Ga. 203, 37 Am. R. 67. It is, therefore, not a crime for one to receive in this State goods stolen in a foreign jurisdiction. Legislation making such receiving criminal is suggested.

Indictment for receiving stolen goods, from Chatham superior court—Judge Seabrook presiding. June 8, 1907.

Argued July 18,—Decided August 8, 1907.

*Edmund H. Abrahams, Robert L. Colding,* for plaintiffs in error.
*W. W. Osborne, solicitor-general,* contra.

POWELL, J. The defendants were accused of the offense of receiving stolen goods knowing them to be stolen. It was alleged that the principal thief committed a burglary in Charleston, South Carolina, stole the goods there, and brought them to the county of Chatham in this State, where the defendants received them with guilty knowledge. The case comes to us on demurrer to the indictment.

"The doctrine seems to be established that in those States in which, by statute or at common law, it is larceny to bring into the State goods stolen in another State or a foreign country, one who there receives goods with knowledge that they have been stolen in another State or country is liable to indictment for receiving the goods. This does not apply, however, in those States in which it is held that bringing into the State goods stolen in another State or foreign country does not constitute larceny; for the goods must have been stolen in the jurisdiction in which it is sought to punish for the receiving." 12 Cyc. 210. "By express statutory provisions in some States, the offense includes a receiving in one State of property stolen in another. But, in the absence of such provision,

proof of a foreign larceny, it is held, will not be sufficient to establish the offense. In a jurisdiction, however, where the bringing by the thief of goods stolen in another jurisdiction is regarded as a new larceny in the former, a receiver in that jurisdiction will be liable to indictment." 24 Am. & Eng. Enc. Law (2d ed.), 46, See also Rorer on Interstate Law (2d ed.), 309-320. By the decision of the Supreme Court in *Lee* v. *State, 64 Ga.* 203, 37 Am. R. 67, it is well settled that the bringing into this State of goods stolen in a sister State does not constitute a crime under the laws of this State; it follows, therefore, that a foreign larceny or buglary will not support a conviction of receiving stolen goods, although under the statutes of this State the latter offense is a distinct crime from the larceny. By our Penal Code, §171, "If any person shall buy or receive any goods, chattels, money, or other effects, that shall have been stolen or feloniously taken from another, knowing the same to be stolen or feloniously taken, such person shall be an accessory after the fact, and shall receive the *same punishment* as would be inflicted on the person convicted of having stolen or feloniously taken the property." The portion of this section which relates to the punishment strengthens the argument that only larcenies and felonious takings that occur in this State are contemplated, as respects the principal offender. The courts of this State could not inflict any punishment against the principal felon for his crime committed beyond her borders; and the *same punishment* as to the accessory after the fact in this view would be no punishment at all. See *Edwards* v. *State, 80 Ga.* 127, 4 S. E. 268. We think that the law should be otherwise; but, upon a careful review of the authorities in this country and in England, we are sure that it is not. Many States, recognizing this rule as existing in the absence of express statute to the contrary, have enacted laws making criminal the receiving of goods stolen in another jurisdiction. Georgia should have such a statute; but until such a law is passed we must enforce the rule as we find it.

*Judgment reversed.*