### 10581. O'NEAL v. THE STATE.

BROYLES, P. J.  1. The court did not err in overruling the demurrer to the accusation.

2. It is never error to refuse to direct a verdict.

3. The court did not err in admitting the testimony of witnesses for the State (as complained of in the 7th paragraph of the petition for certiorari) that the articles found in the defendant's house were the property of the Pullman Company.

4. The charge of the court sufficiently instructed the jury upon the law of simple larceny, and upon the subject of reasonable doubt.

5. Upon the trial of one for knowingly receiving stolen goods, where the indictment charges that the principal thief is unknown to the grand jury, so that he can not be caught and convicted, it is not necessary for the State to show that the theft occurred in the county of the trial. It is sufficient if it be shown that the "knowingly receiving" was done in that county. *Licette* v. *State*, 75 *Ga.* 253.

(a) Since August 1, 1918, it is not even necessary to show that the property was stolen in this State. Ga. L. 1918, p. 272. Under this ruling the trial judge did not err in charging as complained of in the 11th paragraph of the petition for certiorari.

6. Under the facts of the case the other special assignments of error in the petition for certiorari are without any substantial merit.

7. It is well settled that the corpus delicti can be proved by circumstantial evidence. In this case the evidence, although circumstantial, was sufficient to authorize the jury to find that the property of the Pullman Company found in the defendant's possession had been stolen from the company by certain Pullman-car porters who roomed in the defendant's house, that the defendant "knowingly received this stolen property in Fulton county, Georgia, and that the offense was not barred by the statute of limitations.

(a) Moreover, the point that the venue was not proved by the evidence was not raised in the trial court, or in the petition for certiorari, except by a motion to direct a verdict for the defendant on that and other grounds, which motion was refused by the court. As stated above, a refusal to direct a verdict is never error; and when this court holds (as it must) that the exception to the refusal to direct a verdict is without merit, the grounds upon which the motion to direct a verdict were made necessarily fall with the exception. As the question of venue was not otherwise raised in the case, that question can not be considered by this court. Park's Penal Code, § 792 (a).

8. The judge of the superior court did err in overruling the certiorari.
*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*

DECIDED JULY 23, 1919.

Certiorari; from Fulton superior court—Judge Bell.  March 20, 1919.

Julius O'Neal was convicted in the criminal court of Atlanta under an accusation which charged him with receiving stolen goods, described as six pillow slips, one sheet, nineteen towels, and one

hair brush, the property of the Pullman Company. The defendant demurred on the ground that the description of the goods was too vague and indefinite and not sufficient to put him on notice of what articles were received, so as to prepare his defense.

From the evidence it appeared that the defendant conducted a rooming house in the city of Atlanta, on Mechanics street, near the store-house of the Pullman Company and near a side-track at the Terminal Station where cars of that company were placed. Some of the rooms in his rooming house were rented to Pullman-car porters. Officers searching the house found in the defendant's room six pillow slips, one sheet, nineteen towels, and one hair brush, which were exhibited to the jury; and they "found nearly every room in the house either entirely or partially fitted out with sheets, towels, and pillow slips similar to these . . in size, texture, and appearance, and with 'Pullman' stamped or printed on them in large letters." The officers found "in the other rooms four heavy flannel Pullman blankets, with the word 'Pullman' stamped or printed in numerous places on each blanket." They then went to the place where the defendant worked, and when they asked him what was his name, he replied that it was Brown; they searched the place "for Julius," and when they learned he was the man they had talked to he had left the place. The officers went to a laundry patronized by the defendant and found there many sheets, towels, and pillow cases which were being laundered for him. For two or three months before this time large quantities of sheets, towels, pillow cases, and other goods of the Pullman Company, used in its cars, "had been missing through theft" from its store-room at the Terminal Station and from its cars at Mechanics street, in Atlanta. The company does not sell or give away such articles, but destroys them when they are worn out. It was testified that the principal thief was unknown.

An employee of the Pullman Company testified that "the property brought into court was the property of the Pullman Company," and that he knew this "on account of the size, shape, color, character of goods, and the distinctive name and mark of 'Pullman' in large printed letters on them." The employee in charge of the store-house mentioned above testified that the goods mentioned were the property of the Pullman Company, and he believed they were stolen from that company in Atlanta, Fulton county, Georgia.

One of the assignments of error is that the court erred in admitting the testimony of these two witnesses as to the ownership of the property, over the objection that it was a mere conclusion or opinion.

*Lowndes Calhoun,* for plaintiff in error.

*John A. Boykin, solicitor-general, Lowry Arnold, solicitor, E. A. Stephens, E. C. Hill, contra.*