20291. MANN *v.* THE STATE.

DECIDED APRIL 15, 1930.

*W. M. Henry, Norman Shattuck,* for plaintiff in error.

*M. Neil Andrews, solicitor-general, Dean Owens,* contra.

LUKE, J. The indictment in this case charges Tom Mann with the larceny of nineteen chicken hens, the property of Johnnie Bryant, from the chicken-house of said Bryant in Walker County, Georgia. The jury found the defendant guilty, and his exception here is to the judgment overruling his motion for a new trial. The controlling question is presented by special ground 5, and is whether or not the venue of the offense was proved. The only testimony upon the subject is that of Johnnie Bryant and J. F. Bryant. The former testified as follows: "I live on adjoining farms with J. F. Bryant, about a mile and a half or two miles from Rossville. . . They (the chickens) were missing from my hen-house." J. F. Bryant swore: "My name is John Bryant. I live in the upper end of the county."

"In a criminal case the venue of the crime must be established clearly and beyond a reasonable doubt." *Murphy* v. *State,* 121 *Ga.* 142 (1) (48 S. E. 909). In the case cited, testimony that the crime was committed "in the City of Atlanta" was held insufficient to prove the venue. In *Gosha* v. *State,* 56 *Ga.* 36 (2), it was held that proof that the offense was committed in fifty yards of a residence which was located in Sumter County did not show that the deed was done in that county. In *Moye* v. *State,* 65 *Ga.* 754, proof that the crime was committed in the City of Americus was held insufficient to show venue in Sumter county. In *Cooper* v. *State,* 106 *Ga.* 119 (2) (32 S. E. 23), proof that the difficulty occurred "in Lawrenceville, in front of Dan Rutledge's store," was held insufficient to show venue. See also *Holden* v. *State,* 144 *Ga.* 338 (1) (87 S. E. 27). In the light of the foregoing decisions, it is perfectly clear that the venue of the crime in the case at bar was not proved as required by law, and for this reason the judgment overruling the motion for a new trial must be reversed. The gen-

eral grounds of the motion for a new trial will not be discussed; and since the questions raised by the other special grounds are not likely to recur, they will not be considered.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*