## 21366. WILLIS *v.* THE STATE.

DECIDED JUNE 9, 1931.

*A. L. Hardy,* for plaintiff in error.

*A. J. Perryman, solicitor-general,* contra.

LUKE, J. Will B. Willis was indicted and convicted of possessing intoxicating liquor in Harris county. The controlling question presented by the record is whether or not the venue of the offense was proved. The defendant did not admit the venue in his statement to the jury, and the only witness sworn in the case was William Spence. We quote from that part of the record which contains his testimony: "I was sheriff of Harris county on

the 8th day of November, 1930. I know the defendant, Will B. Willis." Q. "Did you see him in the county of Harris on or about that date?" A. "Yes, sir." Q. "He is charged in this bill of indictment with being in possession, custody and control of liquor on that date. Tell the jury the facts, please." A. "Well, Mr. Smith, Mr. Sappington and I went down on the Warm Springs road to Mr. Willis's place, his store—he runs a store on the Warm Springs road." It is useless to quote further from the testimony of this witness. Suffice it to say that it comes no nearer showing the venue of the alleged offense than that it occurred in or near said store.

We are satisfied that the proof does not meet the requirement that "in a criminal case the venue of the crime must be established clearly and beyond a reasonable doubt." *Murphy* v. *State,* 121 *Ga.* 142 (48 S. E. 909). See *Mann* v. *State,* 41 *Ga. App.* 320 (152 S. E. 854), and cit.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*