27123. McNEILL *v.* METROPOLITAN LIFE INSURANCE CO.

DECIDED OCTOBER 31, 1938.

*S. H. Dykes,* for plaintiff. *Ellis & Ellis,* for defendant.

SUTTON, J. 1. In the present case where suit was brought against the insurance company by an alleged assignee of an insurance policy, which purported assignment had been expressed in a note given to the plaintiff by the insured to settle a debt, it being alleged that the defendant had damaged the plaintiff by refusing to pay him, on demand after the death of the insured, the face value of the policy, not in excess of the debt due to the plaintiff, and had instead paid the amount of the policy to one who, under the provisions of the policy, had been substituted by the insured as

beneficiary; and where on the trial it was shown that the policy provided that "No assignment of this policy shall be binding upon the company unless it be executed upon blanks furnished by the company and filed with the company at its home office in the City of New York. The company assumes no responsibility as to the validity of any assignment," and where there was testimony, on behalf of the plaintiff, that on the day of the purported assignment an employee of the plaintiff went with the insured to the local office of the defendant and from its agent procured assignment forms which were then and there executed by assigning the policy to the plaintiff, the said assignment being left with the agent of the defendant for the purpose of being forwarded to the home office of the company; but where the agent testified that no such transaction took place, that he had never had a conversation with the employee of the plaintiff and did not know him, that he had never participated in the assignment of any policy while he was in the employment of the defendant, that the assignment blanks were kept in the sole custody of the manager of the local office, and he had no access to them, that the insured never came to him with anybody for the purpose of having a policy assigned, that on the day in question he did witness the signature of the insured in an application for reinstatement of the policy, the manager of the local office testifying that he had exclusive control of assignments and of the blanks used for that purpose, which blanks he kept under lock and key, and none of which he had delivered to the agent above referred to; the manager of the "benefits and assignment section" of the home office of the defendant testifying by interrogatories that there had not been filed with the home office, on blanks furnished by the company, an assignment of the policy in question; it being shown that the company paid the beneficiary the amount of the policy after surrender of the policy with due proof of the death of the insured; it not being conclusively made to appear that the insurance company was ever advised, before the death of the insured, of the assignment made in the note given the plaintiff: *Held*, that the judge, trying the case without the aid of a jury, by agreement of the parties, was authorized to find from the conflicting evidence that no assignment conforming to the provisions of the contract of insurance had been made and filed in the home office of the defendant, and, there being no evidence of any waiver by the defendant,

did not err in finding in favor of the defendant and entering judgment accordingly. *Security Mutual Life Ins. Co.* v. *Bankers Trust & Audit Co., 32 Ga. App.* 536 (124 S. E. 53). See also *Thomas* v. *Metropolitan Life Ins. Co., 144 Ga.* 367 (87 S. E. 303); *Tyler* v. *National Life &c. Ins. Co., 48 Ga. App.* 338, 340 (172 S. E. 747).

2. The first special ground of the motion for new trial, being merely an elaboration of the general grounds, and being based on the premise that an assignment in conformity with the provisions of the policy had been made and left with the local office of the defendant and should be regarded as having. been filed with the home office, is without merit, in view of the conflicting evidence referred to in the first paragraph above. The second special ground, setting up that the defendant acted at its peril, and in violation of the plaintiff's right, in making payment to the beneficiary instead of to the plaintiff, in that the defendant had notice of an equitable assignment by reason of the assignment in the note given by the insured to the plaintiff, a copy of which was delivered to the defendant after the death of the insured, is without merit, in view of the special requirements of the policy as to assignments. The third special ground, setting up that the assignment in the note to secure an indebtedness amounted to a change in beneficiary pro tanto without the consent of the insurance company, is without merit, in view of the provisions of the policy as to assignment. Ground 4 is based on the premise that the assignment was made on the defendant's regular forms in its local office, and, the evidence in that respect being conflicting, is without merit. Ground 5 complains that the court erred in permitting the manager of the local office of the defendant to answer the question, "On these assignment forms, how are they witnessed?" It is contended that the answer may have influenced the verdict; but as the answer is not shown, the ground is not complete in itself and presents nothing for consideration. Ground 6 complains that the court erred in permitting to be read an answer in an interrogatory of the defendant's manager of its "benefits and assignment section," that "An examination of the records does not reveal that any assignment of policy 3638004-A [the one under consideration] was ever received at the home office, either on blanks furnished by the company or in any other shape;" it being contended that the expression "an examination of the records" did not mean anything, and that the

testimony was illegal and damaging to the plaintiff. The language properly and reasonably construed amounted to testimony by the witness that he had made an examination of the records in the home office of the insurance company, and that there was no record of an assignment of the policy. No error is shown in the admission of the testimony. Ground 7 complains that the court erred in admitting in evidence the answer by interrogatory of the department manager, that "It is practically impossible that such an assignment, had it been received at the home office properly identified with the policy involved, could be filed without my section having any knowledge of such an assignment," it being contended that "a section can't have knowledge." Properly construed, the word "section" had reference to the personnel in the department of which the witness was manager; and no merit is shown in the objection.

Judgment affirmed. *Stephens, P. J., and Felton, J., concur.*