CLIMER *v.* THE STATE.

No. 16522. FEBRUARY 16, 1949.

*M. G. Hicks* and *C. T. Culbert,* for plaintiff in error.

*Eugene Cook, Attorney-General, E. J. Clower, Solicitor-General,* and *J. R. Parham, Assistant Attorney-General,* contra.

WYATT, Justice. ■ There is no merit in the general grounds of the motion for new trial. The testimony of the victim, which established that the accused had carnal knowledge of her, forcibly and against her will, was amply corroborated by other evidence. A girl companion testified that the accused overcame the victim while she was struggling at a parked automobile and carried her into a pine thicket, where the witness heard the victim screaming, and where the victim remained for about thirty minutes; that the victim was crying when she returned to the car and on the way back to her home. There was also testimony of others as to a complaint made by the victim as soon as she arrived at her home, her physical condition immediately thereafter, including a bruise on her face, and the condition of her clothing.

Corroborating evidence need not be of itself sufficient to convict the accused, but the quantum of corroboration is left entirely to the jury. *Harper* v. *State,* 201 *Ga.* 19 (39 S. E. 2d, 45), and cit.

■ In the special ground of the motion for new trial, it is contended that the State failed to prove the venue. Evidence introduced on the trial tended to show that the crime was committed after the victim and the accused had left Rome, Georgia, had driven about six or seven miles to the Dutch Mill Steak House, or six-mile station, had turned right at that point onto the Cave Springs Road, had proceeded along that road to a point where they left the road before reaching Cave Springs and

drove into the hills some three or four miles, where the car was parked. The crime is alleged to have occurred at this point.

The victim testified: "All this took place in Floyd County." But on cross-examination she admitted that she did not know whether the crime occurred in Floyd County; that she didn't know on what road or roads they had driven; that she didn't know anyone living in the vicinity where the crime was committed. The victim's girl companion testified: "I don't know where we stopped, I don't think it was as far as· Cave Springs. I don't know how far he drove before he stopped. I don't think we went to Cave Springs. I don't remember we went through any town. I remember passing the Dutch Mill Steak House. We turned down there I think. I don't think we passed through any town that night besides Rome. I believe I would know it if we did." On cross-examination she admitted that she didn't know whether the scene of the crime was in Floyd County or Polk County.

Paddy McCollum, a witness for the accused, testified as to what occurred after one couple had been left in Rome: "The four of us left, went to the six-mile station at the forks and turned right and went on down the road. We turned off, left the road somewhere. We drove back into the hills, but I don't know how far we went. I do not know what county we were in when we stopped. When we got to the six-mile station, we turned right, going toward Cave Springs. We didn't ever get to Cave Springs. I don't know whether we ever got out of Floyd County. I guess we went three or four miles after we turned off the Cave Springs Road." The accused in his statement to the jury said: "We come on back over to the South Rome Barbecue; Johnston had a truck there and has a bunch of quilts and hay in it, so they said they was going to stop there and get out and get in the truck and so they did, and we went on down the road there a few miles and stopped."

A witness for the State testified: "I am familiar with Floyd County, I know where the Dutch Mill Steak House is located. It is approximately six miles south of Rome, on U. S. 27. At the forks of a road, if a person turns right on getting to the Dutch Mill Steak House, he would have to be on 411 or Cave Springs Road. A person would have to pass through Cave

Springs to get out of the county on that road. Following 411, I'd say it is between 12 and 15 miles to the county line from the Dutch Mill going out that road. It would be about 12 miles. It is about seven miles from the Dutch Mill Steak House to Cave Springs; about twelve miles that way to the county line. Yes, there are mountain roads that a person could take and get into Polk County without going through Cave Springs. It is a rather roundabout way, but you can turn left down beyond Cunningham Station."

The foregoing testimony comprises all the material evidence on the question of venue. It will be noted that the uncontradicted evidence was to the effect that from the Dutch Mill Steak House to the county line on the Cave Springs Road was approximately twelve miles; that on that road it would be necessary to pass through Cave Springs and drive about five miles beyond in order to reach the county line, and any other route would be a "roundabout way" by mountain roads. All of the evidence was to the effect that the car in which the parties were riding left the Cave Springs Road before ever reaching Cave Springs, and then went into the hills a few miles, the only evidence as to distance being by a witness for the accused who fixed the distance at three or four miles.

If the jury believed, as they had a right to do, the State's witness who fixed the distances necessary to travel to get out of Floyd County, and the witness for the accused, who fixed the distances that had been traveled, the jury could have reached no other possible conclusion than that the parties had never left Floyd County when the crime was committed. The natural and reasonable inferences and deductions to be drawn from the evidence in this case were that the crime was committed in Floyd County. There was no evidence or anything in the defendant's statement indicating that the crime was committed elsewhere than in that county.

"Evidence as to venue, though slight, is sufficient where there is no conflicting evidence." *Baker* v. *State*, 55 *Ga. App.* 159 (189 S. E. 364); *Porter* v. *State*, 76 *Ga.* 658 (2), 660; *Johnson* v. *State*, 62 *Ga.* 299 (1); *Womble* v. *State*, 107 *Ga.* 666 (3) (33 S. E. 630). Applying this rule to the instant case, we are of the opinion that the evidence was sufficient to establish the venue

782

as laid in the indictment. Compare *Dumas* v. *State*, 62 *Ga.* 58 (4); *Smiley* v. *State*, 66 *Ga.* 754; *Dickerson* v. *State*, 186 *Ga.* 557 (2) (199 S. E. 442). *Judgment affirmed. All the Justices concur.*