33632. SHUMAN *et al.* v. THE STATE.

DECIDED JULY 16, 1951. REHEARING DENIED JULY 30, 1951.

586

*J. P. Dukes*, for plaintiffs in error.

*Walton Usher, Solicitor-General*, contra.

GARDNER, J. ■ The defendants contend that the evidence did not authorize the verdict and was contrary to law. The evidence clearly authorized the jury to find the defendants guilty of the offense charged. In fact the defendants do not argue in their brief in this court to the contrary, but their sole contention, as to the illegality of their conviction, is that the State failed to prove that the offense with which they were charged was committed in Bulloch County, as charged in the indictment, or even upon the line between it and another county and, therefore, failed to prove the venue.

It was urged by the defendants that the evidence showed conclusively that the alleged offense was not committed in Bulloch County. There was evidence to the effect that according to where the line between Bulloch County and Bryan County was, the offense was committed in Bulloch County, and there was evidence to the effect that the location of the still was in Bryan County. It appeared from the evidence that the maps were inaccurate and there was evidence to the effect that there had never been an accurate and exact survey of the line between these two counties at the point where this still was located to show exactly where the line ran, and there was evidence to the effect that it would take an accurate survey to definitely determine where this line lay at this point, and that this survey had never been made.

As stated, the evidence was in conflict as to where the line

between Bulloch County and Bryan County might be at the point where this still was located. It did not appear that any line had been surveyed, and it was only by hearsay and tradition that it could be shown whether or not the still was in Bryan County or in Bulloch County. It is to just such a case as this one that the principle of Code § 38-313 applies. This section provides that: "Traditionary evidence as to ancient boundaries and landmarks shall be admissible in evidence, the weight to be determined by the jury according to the source whence it comes." In *Wimbish* v. *State,* 70 *Ga.* 718 (3) it is held: "One question in a criminal case being in regard to the location of a county line, so as to fix the venue, hearsay evidence is admissible. Lines between large tracts of country, as between counties, may be proved by hearsay, reputation or tradition. Vast numbers of people are interested and large interests are at stake, and many will know and talk about the lines; what is said and what is handed down from father to son thus becomes evidence to be weighed by the jury; and a charge that such testimony could be considered by the jury with the other facts and circumstances to show where the line ran, was not error." On conflicting evidence as to the location of the venue, the verdict finding the defendants guilty has been held authorized, where there was evidence that the offense was committed in the county charged. See *Speight* v. *State,* 80 *Ga.* 512 (5 S. E. 506).

Applying these decisions to the conflicting and hearsay evidence before the jury, the jury were authorized to find that the still was in Bulloch County. The fact that in 1796, when Bulloch County was laid out, the line at the point in question was "to begin at John Lanier's including the same on the Ogeechee River and thence in a direct line to be drawn where Lotts Creek empties into the Canoochee River" (this being the county line at the boundary between Bryan and Bulloch Counties at the point in controversy) does not definitely show where this line was, it appearing that the line itself was never exactly located or surveyed, and it was permissible to show from circumstances and tradition where the line is, and this was a jury question. See Marbury & Crawford's Digest, Ga. Laws, page 169.

■ It is contended in special ground 1 of the motion for new trial that the court erred in permitting a witness for the State

to testify as to what he knew relative to the location of the line between Bulloch and Bryan Counties at the point where this still was found ascertaining same from what people had told him when he was a boy, and from what he had heard and what was considered the line by general repute in that locality from old roads and other traditionary facts. This testimony was admissible under the provisions of Code § 38-313, quoted hereinbefore, and under the case of *Wimbish* v. *State,* supra. See *Ivey* v. *Cowart,* 124 *Ga.* 159 (52 S. E. 436), as to county lines. This testimony was not inadmissible as hearsay and because it was detrimental to the defendants' contentions, because the defendants contended that the line was a straight one between Lott's Creek and the Canoochee River, to the Ogeechee River, being a direct or straight line running in a northeasterly direction and "there could be no distance, save the length, and any testimony regarding a road" was therefore not inadmissible. This evidence was relevant and its weight entirely for the jury. The fact that the witness did not know where the still was does not render the same irrelevant, for the reason that other witnesses testified as to the location of the still, and this witness was testifying only as to the location of the line beween Bulloch County and Bryan County. In this connection we might state that it is immaterial whether the straight line between said creek and river as set out in the act of the legislature when the county was originally laid out, had never been accurately and definitely located. It is our opinion that the Code section as hereinabove set out was enacted to take care of just such a situation as is here presented, and from the State's standpoint it might have been thought unnecessary to have had such a survey. This special ground is without merit.

■ The defendants urge in special ground 2 of their motion for a new trial that the court erred in charging the jury that "Where an offense shall be committed on the boundary line of two counties, it shall be considered and adjudged to have been committed in either county and an indictment for such offense may be found and tried, and a conviction thereon may be had, in either of said counties." This charge was not error, as contended, because there was no evidence to support the same. The State contended that the still was in Bulloch County and

the defendants contend here that the State failed to prove such.

There was a conflict as to this in the evidence and there was no error in the court giving to the jury the above charge, which was a correct statement of the law as set out in Code § 27-1103. Said charge was not under the facts, unauthorized. See *Davis* v. *State,* 61 *Ga. App.* 379(5) (6 S. E. 2d, 736). There was evidence to the effect that the still was located in Bulloch County close to where it was claimed the boundary between Bulloch County and Bryan County was located, and there was evidence for the defendants that the still was discovered on the Bryan County side of this line, but not far from the line. In these circumstances, under the above decision and the reasoning thereof, this charge was entirely applicable.

■ In special ground 3 the defendants contend that the court erred in charging the jury that "now, in arriving at your verdict, you may take into consideration conditional [additional] evidence as to ancient boundary lines and landmarks; the weight to be determined by the jury according to the source from whence it comes." Defendants urge that this charge was error because the line between the counties of Bryan and Bulloch is a straight line established and created by the act of the General Assembly and no evidence other than the direct line so fixed by the General Assembly could or would be admissible in fixing said boundary line and because no source save the true line fixed in 1796 was admissible for any purpose. This charge was but a charge of Code § 38-313 and was correct, and under the rulings herein made and in the *Wimbish* case, supra, was applicable. The charge was not error because the legislature had fixed a straight line and no other line could be the line but that so fixed. The line it was being sought to locate and establish by tradition and hearsay was this line so set out in the act of 1796, which line had never been, according to the evidence here, definitely established and fixed by any survey. This ground is without merit.

■ In the fourth special ground of the motion for a new trial, the defendants insist that the court erred in charging the jury that "The first question you are to consider is whether or not this alleged crime took place in Bulloch County or Bryan County. If you should find that the alleged crime took place in

Bryan County, you stop right there, and render your verdict, and the form of your verdict, in that event would be: 'We, the jury, find that the alleged crime took place in Bryan County.'" The defendants contend that this charge was error because same was not sound as an abstract principle of law and because a verdict in this language can not be rendered in a criminal case. The above charge was not error for any of the reasons assigned. The jury did not, however, return such a verdict. The charge was in favor of the defendants and it does not appear how the same harmed them. The court charged the jury as to the form of the verdict in the event they found the defendants guilty and fully as to the form of the verdict in the event they found the defendants not guilty. No error appears from this charge.

No error appearing from any of the special grounds of the motion for a new trial, and the verdict being authorized by the evidence and not contrary to law for any reason, the court properly overruled the defendants' motion for new trial.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*