36238.   CONSOLIDATED TELEPHONE COMPANY *v.*
KINCAID *et al.*

DECIDED OCTOBER 23, 1956—REHEARING DENIED DECEMBER 14, 1956.

*Bob Humphries, H. C. Eberhardt, Franklin, Eberhardt, Barham & Coleman,* for plaintiff in error.

*Horkan & Peters, Geo. A. Horkan, Jr.,* contra.

QUILLIAN, J. For convenience we refer to Moultrie Insurance Agency as plaintiff and Consolidated Telephone Company as defendant, they having occupied these respective positions in the trial court.

The grounds of the demurrer to the petition, other than that referred to in the foregoing statement of facts, were: "1. Defendant demurs to and moves to dismiss plaintiff's petition because it sets forth no cause of action against this defendant. 2. Defendant demurs specially to the petition and to the bill of particulars thereto attached in the following respects and to the following extent, and upon the following grounds, to wit: (a) That portion of the bill of particulars which reads: '5-26-51 Z85630 Audit adjustment 1/1/50 to 1/1/51 $344.47' for the reason that it does not (i) set forth, either in the petition or in the bill of particulars, what the 'Audit adjustment' consists of, or (ii) what the particular items of the 'Audit adjustment' consist of, or what they are, or (iii) who made the alleged 'Audit adjustment,' or (iv) by whose authority any 'Audit adjustment' was made, or (v) whose or what audit the alleged adjustment was made on, or why it was made, and (vi) because, without a particularization of this item in the bill of particulars, this defendant is unable to know or to have the means by which it may prepare its defense thereto; (b) that portion of the bill of particulars which

reads: '5-26-51 USF&G Audit adjustment 1/1/50 to 1/1/51 $42.10' upon the same grounds and for the same reasons as set forth in subparagraph (a) above."

The first ground of the demurrer was in the nature of a general demurrer, and being without merit was properly overruled. The insistence of the defendant that the payments alleged to have been made by the plaintiff on behalf of the defendant were voluntary payments is incorrect, for, according to the averments of the petition, they were not voluntary but were payments of insurance premiums made by the plaintiff on insurance for the benefit of and at the behest of the defendant who was its customer.

The first item of the bill of particulars attacked by the special demurrer did not show for what the defendant was allegedly indebted to the plaintiff, and was subject to the demurrant's criticism that it was lacking in particularity.

The second item demurred to supplied this deficiency appearing in the first item by showing that it was for the premium on a policy in a named insurance company. Under the holding in *Henry Darling Inc.* v. *Harvey-Given Co.*, 40 *Ga. App.* 771 (151 S. E. 518), it was sufficient to withstand the special demurrer.

This court cannot consider the defendant's motion for a judgment notwithstanding the verdict because there is no provision in Code (Ann. Supp.) § 110-113 that a motion of that nature can be predicated upon the denial of a motion for nonsuit. No motion for direction of a verdict was made by the defendant.

The court erred in granting the plaintiff's motion for a directed verdict. The evidence not only did not demand the verdict directed, but was insufficient to support it, and in fact demanded a finding for the defendant. So far as the record discloses, there was no attempt to introduce in evidence the account sued on and no proof of its correctness. Mrs. Kincaid, a member of the plaintiff partnership, did testify on direct examination that the debits and credits making up the account were correct, but on cross-examination she frankly admitted that she did not keep the account and could not swear that the items constituting it were in fact correct. The rule is well established that the jury may believe a witness, not a party to the case, though his testimony is equivocal and contradictory. The jury may accept a part of it

as true and reject a part as false, they being the judges of the weight and credit to be given the evidence. *Reaves* v. *Columbus Electric &c. Co.,* 32 *Ga. App.* 140 (3) (122 S. E. 824); *Dodys* v. *State,* 73 *Ga. App.* 311 (3) (36 S. E. 2d 164). But the rule is not applicable where a witness testified to stated facts on direct examination and admits on cross-examination that he had no means or opportunity of knowing the facts to which he testified. In *Davis* v. *Akridge,* 199 *Ga.* 867 (2) (36 S. E. 2d 102), it is held: " 'The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague, or equivocal. *W. & A. R. Co.* v. *Evans,* 96 *Ga.* 481 [23 S. E. 494]; *Freyermuth* v. *R. Co.,* 107 *Ga.* 32 [32 S. E. 668]; *Ray* v. *Green,* 113 *Ga.* 920 [39 S. E. 470]; *Farmer* v. *Davenport,* 118 *Ga.* 289 [45 S. E. 244]. And he is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him. *Southern Bank* v. *Goette,* 108 *Ga.* 796 [33 S. E. 974].' *Southern Railway Co.* v. *Hobbs,* 121 *Ga.* 428 (49 S. E. 294)."

The special grounds 1, 2, 3, 4 and 6 of the motion for new trial raise substantially the same question as that passed upon in ruling on the direction of the verdict. We consider them meritorious and think that the evidence, the admission of which is excepted to in ground 3, should have been excluded. Special ground 5 need not be passed upon as the point raised by it is decided in disposing of the exception to the direction of the verdict.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*