## 42022. ANDERSON v. THE STATE.

DEEN, Judge. 1. Error is urged upon the overruling of demurrers to a two-count indictment charging that the defendant received from a person unknown an automobile stolen on the same date in South Carolina, knowing the vehicle to have been stolen. The counts differ only in their reference to separate vehicles, stolen from different owners. Felonies of the same general nature, where the mode of trial is the same, may be joined in separate counts of the same indictment. *Webb v. State,* 177 Ga. 414 (170 SE 252); *Mitchell v. State,* 89 Ga. App. 80 (78 SE2d 563).

2. Nor is the indictment bad, as contended, because it may involve the same elements proscribed by Title 18, U.S.C.A. § 2313 making penal the receiving of any motor vehicle "moving as, or which is a part of, or which constitutes interstate commerce" knowing it to have been stolen. In the first place it is unclear from its allegations whether the vehicles were still in interstate commerce at the time they were allegedly received. Under the Federal statute "the stolen motor vehicle concealed, sold or disposed of must be moving as, or be a part of, or constituting interstate commerce at the time it is concealed or disposed of. If it has come to rest so as no longer to be a part of or to constitute interstate commerce, State law regarding stolen property rather than federal law would

be applicable." Hill v. Sanford, 131 F2d 417. Secondly, as between the State and Federal sovereignties, the usual rule is that even though the same transaction is involved each sovereignty may proceed with prosecution uninfluenced by action of the other. Jolley v. U. S., 232 F2d 83. "One act may constitute an offense against both sovereignties, in such a case both the federal and state courts have jurisdiction of the offense, unless the Federal Constitution or an act of Congress gives exclusive jurisdiction to the federal courts." 21 Am. Jur. 2d 412, Criminal Law, § 394; People v. Welch, 141 N. Y. 266 (36 NE 328).

3. The indictments were drawn under *Code Ann.* § 26-2623 providing that any person receiving goods or chattels "that shall have been stolen or feloniously taken from another in another State, knowing the same to be stolen or feloniously taken . . . shall, upon conviction therefor, receive the same punishment as would be inflicted on a person convicted of having so stolen or feloniously taken such property in this State." This statute simply broadened the scope of the crime of receiving stolen goods contained in *Code Ann.* § 26-2620 to instances where the property was originally stolen outside the State of Georgia. *O'Neal v. State,* 24 Ga. App. 160 (99 SE 891). The provisions of *Code* § 26-2621 relieving the State from the necessity of alleging that the principal thief has been convicted or has pleaded guilty in cases where he cannot be taken and prosecuted apply equally whether the goods were stolen within or without the State. Likewise, it may be alleged that the principal is unknown and cannot be apprehended for that reason; the fact of conviction is but a regulation affecting the trial, but the guilt of the principal is an essential element of the crime of receiving, along with knowledge on the part of the defendant that the goods were stolen. *Wright v. State,* 1 Ga. App. 158 (1) (57 SE 1050); *Gaspin v. State,* 76 Ga. App. 375 (2) (45 SE2d 785). This is true whether the original theft occurred in Georgia or elsewhere. The county from which the goods were stolen is not material; it is the county where the defendant received them which determines the venue of the trial, and if the offense be alleged in the language of the statute this is sufficient. *Licette v. State,* 75 Ga. 253 (2, 5); *Code* § 27-701. Also, it need not be alleged or proved that the defendant received the goods directly from the principal thief, provided he received them

knowing them to have been stolen. *Stanley v. State*, 97 Ga. App. 828, 831 (104 SE2d 591); *Allen v. State*, 106 Ga. App. 761 (128 SE2d 549). The indictment was not subject to demurrer because it failed to allege the county in South Carolina where the theft occurred, failed to allege that the vehicles were received directly from the principal thief, showed that the theft occurred at a location where the Madison County grand jury had no authority to indict the principal, or because it failed to plead the law of South Carolina so as to show that the crime of larceny of an automobile existed in that State. Indubitably, to the last of these contentions we particularly hold that the indictment, being in the language of the statute, is sufficient, without making any ruling as to the quantum of proof which might be necessary on the trial of the case.

4. By the Act of 1961 (Ga. L. 1961, p. 118) certain provisions were added to *Code* § 26-2620 (receiving stolen goods where the theft occurs within this State) to relieve the State from the necessity of alleging a conviction where conviction of the principal thief is impossible due to minority or insanity. Such amendment was in addition to, not in lieu of, the provision previously recognized to the effect that the allegation need not be made where the thief is unknown. Further, since the Act expressly amended *Code* § 26-2620 without mentioning § 26-2623 (receiving goods stolen in another State) it is highly questionable that it could ever become material to an indictment drawn under the latter section. Under *Code* § 26-2620, receiving goods stolen in another state was not a crime. *Golden v. State*, 2 Ga. App. 440 (58 SE 557).

5. Both *Code Ann.* §§ 26-2620 and 26-2623 provide that the receiver shall receive the "same punishment" as that to which the principal thief would be subject if the larceny had occurred in this State. Under *Golden*, supra, this means only what the principal thief might receive under the circumstances of the particular case, and in that case "*same punishment . . . would be no punishment at all.*" The words "same punishment," then equate the receiver with the thief at the time of the commission of the offense, and the fact that since the enactment of *Code Ann.* § 26-2623 the maximum and minimum terms of incarceration for larceny of a motor vehicle (Ga. L. 1965, p. 504; *Code Ann.* § 26-2603) have been increased is no cause for demurrer to the indictment. The

receiver, upon conviction, is to be sentenced in the same manner as though he had in fact committed the larceny.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

ARGUED MAY 3, 1966—DECIDED MAY 13, 1966.

*William O. Carter,* for appellant.

*Clete D. Johnson, Solicitor General,* for appellee.