45515.   GREEN v. THE STATE.

SUBMITTED SEPTEMBER 15, 1970—DECIDED JANUARY 11, 1971—
REHEARING DENIED FEBRUARY 11, 1971—CERT. APPLIED FOR.

*James I. Parker,* for appellant.

EVANS, Judge. 1. The defendant was indicted for assault with intent to murder and convicted of shooting at another. His sworn testimony is that he did intentionally shoot toward the victim, but aimed at his side intending not to hit him but only to deter him from advancing with a knife. No defense of misfortune or accident is involved under these circumstances. The intent follows the bullet, and it was a jury question whether the intent was to shoot in self-defense or revenge. The court did not err in failing to charge the law of accident. By the same reasoning, the charge on malice as given was a proper one.

2. While two separate and distinct offenses may not be joined in the same count of an indictment (*Bennings v. State,* 53 Ga. App. 218 (185 SE 370)), a multicount indictment necessarily alleges separate and distinct offenses (*Ivester v. State,* 75 Ga. App. 600 (44

SE2d 61)), or else alleges the same offense in different ways, and it is usually within the discretion of the trial judge whether to require an election between counts. Where separate offenses are alleged, the indictment is not subject to demurrer where the counts refer to congruous offenses , although committed at different times and places against different people (*Webb v. State,* 177 Ga. 414 (170 SE 252); *Strauss v. State,* 113 Ga. App. 90 (147 SE2d 367); *Anderson v. State,* 113 Ga. App. 670 (149 SE2d 398)), or where the two offenses are a part of a single transaction. "In the absence of statutory provision to the contrary, separate counts of an indictment or information may charge different offenses arising out of the same transaction." 42 CJS 1136, Indictments and Informations, § 180. This two-count indictment charged appellant and his co-defendant with (1) abducting Dan Sparks on March 3, 1968, and (2) assaulting him with intent to murder on the same day. It was not subject to the demurrer interposed on the ground of misjoinder, nor could the State be compelled to elect on which count it would prosecute.

3. Venue is a jurisdictional fact and must be proved clearly and beyond a reasonable doubt. *Gosha v. State,* 56 Ga. 36 (2); *Dickerson v. State,* 186 Ga. 557 (199 SE 142); *Smith v. State,* 60 Ga. App. 623 (4 SE2d 687). Slight evidence is sufficient for the purpose where there is no conflicting evidence. *Climer v. State,* 204 Ga. 776 (2) (51 SE2d 802).

After a verdict, approved by the trial court, the evidence must be construed by this court in its light most favorable to the prevailing party with every presumption and inference being in favor of upholding that verdict. *Wren v. State,* 57 Ga. App. 641, 644 (191 SE 146); *Southern R. Co. v. Brock,* 132 Ga. 858, 862 (64 SE 1083); *Stapleton v. Amerson,* 96 Ga. App. 471 (5) (100 SE2d 628); *Young Men's Christian Assn. v. Bailey,* 112 Ga. App. 684, 690 (146 SE2d 324); *Boatright v. Rich's, Inc.,* 121 Ga. App. 121 (1) (173 SE2d 232).

George Dyer, a witness for the State, testified: "Q. Now, this place that you refer to on the side of the road near Shiloh Church, do you know what county that's in? A. It's in Polk County, I believe." (R., p. 38). On cross examination this same witness testified: "Q. Well, you don't know of your own knowledge whether it

was in Polk County, Georgia or not do you? A. I was going to Shiloh Church, I don't *know* whether it was or not." (R., p. 51) (Emphasis supplied). Obviously, the witness was not willing to swear "that of his own knowledge" he knew the shooting took place in Polk County, but he was not required to know that of his own knowledge. As to the location of county lines and state lines and other boundaries, a witness is entitled to testify from what others have told him, and from reputation in the community, and from hearsay. See *Code* § 38-313; *Martin v. Atkinson,* 7 Ga. 228 (1) (50 AD 403); *Riley v. Griffin,* 16 Ga. 141 (18) (60 AD 726); *Wimbish v. State,* 70 Ga. 718 (3); *Shuman v. State,* 84 Ga. App. 585, 588 (66 SE2d 152).

Further, the victim of the shooting, Dan Sparks, testified: "Q. Do you know which county it was in where you stopped? A. It was in Polk where we stopped. Q. Is that the best of your account of it? A. That's the best of my knowledge." (R., p. 63). He then testified that the shooting took place at this place where they stopped. On cross examination this witness testified: "Q. Now, this place where you *went,* you don't know whether it was in Polk County, or Cleburne County, Alabama, or Cherokee County, Alabama, do you? A. No sir. Q. This place where the fight took place? A. (no answer)." (R., p. 73).

The evidence shows that they *went* to a great many places, driving over a number of roads, and it very well may have been that his captor during the abduction, drove the car part of the time in Alabama and a part of the time in Georgia, but this in no wise conflicts with the previous statement as to the place where they made their "stop." Further, this witness testified again on direct examination: "Q. What county were you shot in? A. To my knowledge it was Polk County I was shot in." (R., p. 78).

It is true that venue must be proved positively, and one of the methods of proving it is by the testimony of witnesses as to their knowledge of a place, which they have learned from hearsay and from reputation. How many persons in Polk County could actually swear from their own knowledge as to where any segment of the county boundary lines are, or where the boundary line between Polk County, Georgia, and Alabama is? Probably none of them, but their knowledge of them would necessarily derive from the

knowledge of others. The proof of venue was sufficient, hence the conviction was not contrary to law or the evidence.

Having considered each and every enumerated error, and finding none with merit, the judgment must be affirmed.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Pannell, Quillian and Whitman, JJ., concur. Hall, P. J., Eberhardt and Deen, JJ., dissent.*

DEEN, Judge, dissenting. "In a criminal case the venue of the crime must be established clearly and beyond a reasonable doubt." *Murphy v. State,* 121 Ga. 142 (1) (48 SE 909); *Willis v. State,* 43 Ga. App. 394 (159 SE 141). Slight evidence of venue, uncontradicted, is sufficient, and ordinarily the jury decides questions of evidence consistency. "But the rule is not applicable where a witness testified to stated facts on direct examination and admits on cross examination that he had no means or opportunity of knowing the facts to which he testified." *Consolidated Telephone Co. v. Kincaid,* 94 Ga. App. 823, 827 (96 SE2d 322). If I could construe the evidence on venue here, as the majority does, to mean that the witnesses knew from common reputation. in the community road signs, or whatever, that the place where the altercation took place was in Polk County, it would not matter that such knowledge was based on hearsay. But it is obvious to me that neither of the witnesses who attempted to testify to venue knew the location. One of them admitted on cross examination that he didn't know "whether it was in Polk County, Cleburne County, Alabama, or Cherokee County, Alabama." The other one stated that he was going to Shiloh Church, he didn't know whether Shiloh Church was in Polk County, Ga., or not, and that "if Shiloh Church is in Cleburne, Alabama, that's where we was at." In my opinion, this is not adequate proof of venue.

I am authorized to state that Presiding Judge Hall and Judge Eberhardt join in this dissent.