Quillian, Presiding Judge.
This appeal was taken from an order finding that a juvenile was delinquent and placing him on probation. The grounds urged in the enumeration of errors are: (1) that venue was not shown; (2) that "the finding of delinquency was based on circumstantial evidence which failed to rule out other reasonable hypotheses save that of the guilt of the accused.” Held:
1. The Juvenile Court Code of Georgia provides: "A proceeding under this Code [Title 24A] may be commenced in the county in which the child resides. If delinquent or unruly conduct is alleged, the proceeding may be commenced in the county in which the acts constituting the alleged delinquent or unruly conduct *572 occurred.” Code Ann. § 24A-1101 (Ga. L. 1971, pp. 709, 721). This section does not conflict with the general venue provisions of the Constitution insofar as delinquency proceedings are concerned. Quire v. Clayton County Dept. of Family &c. Services, 242 Ga. 85.
Submitted September 7, 1978
Decided October 16, 1978.
Charles Henry Lumpkin, Jr., for appellant.
William F. Lee, Jr., District Attorney, D. Ray McKenzie, Jr., Assistant District Attorney, for appellee.
Here the evidence showed the defendant resided at Route 1, Temple, Georgia; that the alleged delinquent conduct occurred at Route 5, Carrollton, Georgia; that this was on the Carrollton-Temple Road off No. 113. We can therefore take judicial notice that this was within the confines of Carroll County. Cooper v. State, 106 Ga. 119, 120 (32 SE 23); Murphy v. State, 121 Ga. 142 (48 SE 909). See Carter v. State, 146 Ga. App. 681 (247 SE2d 191). Thus, venue was properly in the Juvenile Court of Carroll County.
2. The evidence was sufficient to sustain the finding made.

Judgment affirmed.

Webb and McMurray, JJ., concur.